# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

---------------------------------------------------

Isnel Rigaud
  Plaintiff

v.

Sgt. J. Mathis
Sgt. Nicolas
Officer Calvo
Captain Martin
Dade C.I. Warden T. Cummings
Secretary of F.D.O.C. Michael D. Crews
Defendant

---------------------------------------------------

Individually and in their official capacities.

Amended Complaint
Case No: 1:14-CIV-

FILED by _____ D.C.

JUL 11 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

PROVIDED TO
CHARLOTTE C.I. ON

FOR FILING

## **AMENDED COMPLAINT**

A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the

   deprivation, under color of state law, of rights secured by the constitution of

   the United States.

      The court has jurisdiction under 28 U.S.C. Section 1331 and

   1343(A)(3).

2. The Southern District of Florida is an appropriate venue under 28 U.S.C.

   Section 1391(b)(2) because it is where the event giving rise to this claim

   occurred.

3. Plaintiff Isnel Rigaud DC#M-66890, is and was at all times mentioned herein a prisoner of the State of Florida in the custody of the Florida Department of Corrections.   He is currently confined in Charlotte Correctional Institution in Florida.

### III. DEFENDANT

4. Defendant #1 Sgt. J. Mathis is a correctional officer of the Florida Department of Corrections who, at all times mentioned in this complaint, held rank of sergeant and was assigned Dade C.I.

5. Defendant #2 Sgt. Q Nicolas is a correctional officer of the Florida Department of Corrections who, at all times mentioned in this complaint, held rank of Sergeant and was assigned to Dade C.I..

6. Defendant #3 Officer Calvo is a correctional officer or the Florida Department of Correction who, at all time mentioned in this complaint, held rank of and was assigned to Dade C.I..

7. Defendant #4 Captain Martin is a correctional officer of the Florida Department of Corrections who, at all times mentioned in this complaint, held the rank of captain and was assigned to Dade C.I..

8. Defendant #5 Dade C.I. Warden J. Cummings superintendent/Warden, assistant wardens, colonels they are legally responsible for the operations of Dade C.I. and for the welfare of all the inmates of that prison.

9. Defendant #6 Secretary of F.D.O.C. Michael D. Crew is the Director/Commissioner of the State of Florida. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction including Dade C.I. where the Plaintiff was assaulted, and Charlotte Correctional Institution where the Plaintiff is currently confine.

10. Each Defendant issued individually and in his official capacity. At all times mentioned in this complaint each Defendant acted under the color of state law.

### 11.III. Facts

Facts: on Defendant #1 Sgt. J. Mathis

On 1/24/14 approximately 12:30 a.m. - 12:40 a.m. while in route to the captain office, Sgt. J. Mathis threaten to beat me severely when we reach confinement, and he was very disrespect calling me all types of degradeful, sexual names, names of my opposite sex.

Fact: On 1/24/14 approximately 1:20 a.m. 1:30 a.m. in confinement building hallway in front of F-3 dormitory, Sgt J. Mathis brutalize sexually harass, sexual assaulted me, the Defendant plotted it and carry it out. Sgt. J. Mathis neglected my constitutional rights, F.D.O.C. P.R.E.A. act and other policies. He neglected my mournful cries from the pain he inflicted. Sgt. J. Mathis intentions was evil, he was totally unconcern for my welfare in facing of serious

risks to my body and health.  On 1/24/14 I was a victim of the Defendant Sgt. J. Mathis contumacious, malicious sadistic conscience.

Facts: On Defendant #2 and #3 Sgt. Q Nicolas and Officer Calvo On 1/24/14 approximately 1:23 a.m. during the time Sgt. J. Mathis assaulting me in confinement building hallway in front of F-3 dormitory.  I had ask Sgt. Q Nicolas and Officer Calvo "is this how yall get down back here" referring to Sgt. J. Mathis abusive behavior, they didn't say nothing.  Minutes later I felt like my arms and wrists was about to break I ask Sgt. Nicolas and Officer. Calvo to help me the officers just steed there watching and ignored me, they failed to protect me.

Minutes later after Sgt. J. Mathis was done abusing me they escorted me into F-3 dormitory in the bottom shower.  I had refuse to allow Sgt. Q Nicolas and Officer Calvo to uncuff me till I talk to the captain Martin about my assaults and pain, and for the officers to take me to medical because my wrists, arms, lower back, toes was in severe pain, plus my writs was bleeding lightly from the cuts created by the pressure of the handcuffs that was forcibly twisted by Sgt. J. Mathis.  2-3 hours later they left me in the shower  waiting to talk to the captain and go to medical.  The captain never came and talk to me about 3 minutes later the officers came back and told me that the caption says he will not come to talk to me unless I allow them to uncuff me and go to a cell.  I follow through with

his demand, still I never went to medical nor the captain ever came to talk to me.

Facts: On Defendant #4 Captain Martin

On 1/24/14 approximately 12:30 a.m. - 12:40 a.m. in captain Martin office I inform captain Martin about Sgt. J. Mathis behavior while in route to his office I explain Sgt. J. Mathis behavior while in route to his office. I explain Sgt. J. Mathis behavior while in route to his office. I explain Sgt. J. Mathis threaten to beat me severely when we reach confinement building. I also told the caption I feared for my life and I expounded that he was very very disrespectful and was calling me all types of degradeful sexual names of my opposite sex. Caption Martin didn't say or did anything about it, he just neglected the issue and kick me out his office.

Facts: On Defendant #5 Dade C.I. Warden J. Cummings before 1/24/14 the date I was assaulted by Sgt. J. Mathis Dade County Correctional Institution was well aware and inform by inmates complaints and grievances, also inmates families calling the institution about there family members being assaulted. Especially on Captain Martin shift where there more abusive officer like Sgt. Mathis. Captain Martin shift well known for being very very corruptible and committing deleterious injustice acts. Even after my incident and filing

grievance, inmates was still getting assaulted and degraced on captain Martin shift by these same officers.

Institution Warden J. Cummings was well aware of these wrongful assaults and still neglected grievances and reports made by inmates and family members. The warden fail to do something about these violations and wrongful assaults by officers.

Fact: From investigations has proven that Secretary Michael D. Crews and Dade C.I. Warden J. Cummings plotted to create a policy or custom of allowing or encouraging officers to brutalize and violate inmates, and neglect the complaints and reports about those officers assaulting and violating inmates, made by inmates and families.

Facts: On Defendant #6 secretary of F.D.O.C. Michael D. Crews, before 1/24/14 the date of my assault, secretary Michael D. Crews is the Director/Commissioner of the State of Florida so he has access and was informed about the grievances and reports on officers brutalizing inmates.

Facts: Secretary Michael D. Crews he is legally responsible for the overall operations of the Department of Corrections and each institution under jurisdiction including Dade C.I. where I was confined on the date I was wrongfully, degradefuly painfully assaulted and psychologically damage.

Facts: Secretary of F.D.O.C. Michael D. Crews was well aware of the unconstitutional degradful brutal assaults on inmates before the date of my incident 1/24/14 by officers at Dade C.I. that function under color of state law, that sworn to uphold and honor the state law and constitution.

Facts: Secretary of F.D.O.C. Michael D. Crews neglected these grievances that was made by inmates and there family. His intentions are evil and was totally unconcerned for mines and other inmates welfare in facing of serious risks to body, health, and safety of us inmates, within the hands of these abusive officers. The contumacious acts and neglection from the secretary of F.D.O.C. Michael D. Crews towards the constitutional law of the land, states laws and F.A.C. polices, his behavior led to the violation of my constitutional rights.

Facts: on 1`/24/14 approximately 1:20a.m. - 1:30 a.m., the camera footage. In front of F-3 dormitory I was brutalize, sexually harass and sexually assaulted by Sgt. J. Mathis in the presence of Sgt. Q Nicolas and Officer Calvo. The camera in F-3 dormitory that's facing the officer station capture the incident on film.

Fact: Defendant secretary Michael D. Crews and Dade C.I. Warden J. Cummings was in a deliberate indifference states mind to neglect complaint and reports made by for being victims of guard brutality before and after the date 1/24/14 of the plaintiffs.

Facts: Base on Dade C.I. Warden J. Cummings neglecting inmates complaints and reports on wrongful assaults by officers and for creating a policy or custom of allowing or encouraging officers to brutalize and violate inmates at there will and pleasure.  That led Sgt. Mathis to physically and psychologically damage me.

Facts: On 1/24/14 approximately 1:30 a.m. - 4:30 a.m. in confinement b9uuidlign F-3 dormitory bottom shower.  Sgt. A Nicolas and Officer Calvo left me in the shower for hours refusing to take me to medical for my injures that Sgt. J. Mathis inflicted.  I was in so much pain what I had to let them take of the cuffs and search me then take to a cell I was never took to medical.  The Camera facing the officer station was recording there evil intentions and retaliating tactic for demanding medical treatment after I been assaulted in front of them, and for trying to talk to the captain Martin explaining what he allowed his officers to do.  The same camera facing the officer station that in F-3 dormitory.

Facts: Before 1/24/14 there have been reports and grievances filed on officers wrongful degradful assaults on inmates that the institution Warden J. Cummings neglected, secretary of the F.D.O.C. neglected, because there intentions are evil and they don't care about wellbeing and safety, health of us inmates.

Facts: Base on Captain Martin Railing to protect me by neglecting threats made by Sgt. Mathis that I inform him about, that later led me to being psychologically and physically damage by assaults inflicted by Sgt. Mathis

Facts: Sgt. Mathis, Sgt. Nicholas and other sergeants as supervisors over dormitories created a policy or custom on who, where how, they assault inmates when they feel like it because of there authority they think they can get away with it.

Facts: Captain Martin created a policy or custom to allow or encourage his Sgt.'s and officers to brutalize or degrade inmates at there will, on his shift, inmates don't have rights.

Facts: Dade C.I. Warden J. Cummings created a policy or custom to allow or encourage his captains, especially captain Martin to organize a group of officers to violate or brutalize inmates at there will. Base on his deliberate indifference state of mind on inmates body and health that led to me being a victim to numerous assaults and violations.

Facts: Secretary Michael D. Crews also created a policy or custom with Dade C.I. Warden and throughout other institution wardens to allow or encourage guard brutality, Sexual Assault and other violations on inmates carry out by captains, Lt.'s, Sgt.'s, and officers.

Facts: Base on Sgt. a Nicholas and Officer Calvo failing to protect me from Sgt. Mathis assaults, by plotting to stand there and watch me get assaulted and asking for help, let me to being psychologically and physically damage, by Sgt. Mathis degradful, brutal, Sexual Assaults.

Facts: Base on Secretary Michael D. Crews neglecting inmates complaints and reports on wrongful assaults by officers at Dade C.I., and for creating a policy or custom of allowing or encouraging officers to brutalize, violate inmates at there will and pleasure.   Led me to being psychologically and physically damage from Sgt Mathis Sexual and brutal assaults that was inflected upon me.

Facts: for explaining to Captain Martin in the captain office that Sgt. Mathis was being disrespectful and threaten to beat me when we get to confinement that's one of the reasons Sgt. Mathis was motivated to doing with he did, and he also told me clearly that he was going to get my ass for telling on him.  This assault was another reason he retaliated by assaulting me.

Facts: Defendant Sgt. Nicolas and Officer Calvo was highly upset with me for refusing to uncuff get search and brought to a cell after Sgt. Mathis assaulted me.  It piss them both off that I was demanding to talk to the captain and wanted medical treatment when I refuse to uncuff.  Officer Calvo was so piss off he ask Sgt Nicolas to turn on the shower so I can be force out and wet.  Sgt. Nicolas stated no just leave in there the shower he will get tied and come out.

this what they plotted as a retaliation tactic to punish me for ask for medical treatment and the captain.

Facts: Base on Sgt. J. Mathis degradful and brutal assaults upon me I'm now suffering from psychological damages, mental and emotional distress. From being humiliated degraded, and was to our advantage of, while in handcuffs under the worst circumstances ever, in brutal sexual manner that now triggered a past of suicidal thoughts, that now became suicidal attempts, now I have to be supervisor and have therapy with psychologist doctors about me suicidal attempts, nightmares of the incident, wake up with cold sweat and breathing too hard, and trying not to kill myself in the future.

Fact: Each single Defendant was contumacious, contumacious is being rebellious.   From investigations and facts each Defendants carryout contumacious behavior towards constitutional amendments, state laws, and F.A.C. policies rule and regulations.

Facts: Since the date of the incident 1/24/14 till 2/14/14 the day my fiancé and demanded the institution to allow me medical treatment.  I had put in for medical request forms about my injuries and I never been took to medical, only the institution administration/can authorize medical staff member.  When I did get to medical the nurse didn't even examine body for injures she look at me and said I look fine she left got on the phone called somebody then came back

and I told me I was good to go.  I during the assault my lower back, wrists, and arms, toe was bruise swollen.  She responded and told me I'm good now I can go now.   This violates my 1, 8, 14 Amendments Rights the institution retaliation against me.

Facts: Upon information and belief this is general prison knowledge.   On Captain Martin shift every inmate knows that you will either get wrongfully beat up or get accuse for frivolous or malicious doers is the ways Captain Martin and selective officers operated.  This is a fact from inmates that had witness or heard from inmates that's been assaulted before in the past months in years.

Evidence that attach to the back of the complaint or in inmate files

Exhibit A. copies of grievances about the incident that gives more details for the case and this grievances have been exhausted to the highest administrative office.

Exhibit B. camera footage that support my claims, the camera in F-3 dormitory that facing the officer station that records everything in the area that recorded the wrongful assaults.

Exhibits C. camera footage that support my claims, the camera in F-3 dormitory that facing the officer station that records everything in th angle, that recorded

Sgt. Nicolas an officer Calvo leaving me in the shower neglecting me medical treatment for hours, medical treatment was denied after hours over waiting.

Exhibit D. a declaration from my old bunkmate at Dade C.I. confinement dorm F-3204 cell explain what he witness, also he's a victim of guard brutality a incident that took place before 1/24/14 the date of my incident he also made report.

Exhibit E. A declaration form another inmate that was at Dade C.I. in 2013 in either seen or witness inmates injuries that was wrongfully assaulted and violated on Captain Martin.

### 13. I.V. Exhaustion of legal remedies

Plaintiff Isrel Rigaud used the prisoner grievance procedure available at Dade C.I. to try and solve the problem.  On 2/3/14 I file a emergency grievance to F.D.O.C. office.  Plaintiff Isrel Rigaud presented the facts relating to this complaint.  On 2/18/14 F.D.O.C. office responded back stating my grievance through institution procedures first then appeal whatever there decision, then submit it back to F.D.O.C. office.  Plaintiff Isrel Rigaud followed F.D.O.C. instructions I file the grievance at the institution level on 3/5/14, 3/12/2014 I received a response from the institution office the institution stated investigated my allegations and the grievance was approve.  3/29/14 I plaintiff Isrel Rigaud

submitted the grievance to F.D.O.C. officer, F.D.O.C. response I receive on 4/16/14 stating they agree with institution response which was approve.

## V. Legal Claims

15. Plaintiff reallege and incorporate by reference paragraphs from the above 4 sections.

16. Legal claims against Defendant

Sgt. Mathis

1. Sexual assault claim, for the amount $200,000.00

2. Guard Brutality claim, for the amount of $200,000.00 guard brutality is actionable under section 1983, on 1/24/14 approximately 1:20 a.m. - 1:30 a.m. in confinement building hallway in front of F-3 dormitory Defendant Sgt. J. Mathis intentions was evil he brutally assaulted me with handcuffs on . The Defendant violated the plaintiffs rights and constituted brutality, cruel and unusual punishment under the 8th, 14th Amendment of the United States constitution.

3. Pain and suffering g claim, for the amount of $200,000.00 pain and suffering claim is actionable under section 1983 on 1/24/14 approximately 1:20 a.m. - 1:30 a.m., I Plaintiff suffered severe pain inflicted by Defendant Sgt. J. Mathis intentions was retaliation in a demonic, malicious sadistic act was to hurt me as much as he can get away with this action left me with cuts on my writs, arms,

lower back, toes was swore and swollen the cuts from the handcuffs was bleeding a little. The Defendant Sgt. J. Mathis violated the plaintiffs rights and constituted retaliation, cruel and unusual punishment under the 1st, 8th, and 14th Amendments of the Unites States Constitution.

4. Gross-Negligence claim, for the amount of $200,000.00 Gross-Negligence is actionable under section 1983, on 1/24/14 approximately 12:30 a.m. - 1:30 a.m. Defendant Sgt. Mathis was negligence towards my constitutional rights and was uneern for my welfare in taking of serious risk to my body and health. From his actions and assaults on me which was motivated by evil and retaliation intentions which Defendant violated the rights throughout him escorting me from D-1 dormitory to confinement building shower. This constituted retaliation, cruel and unusual punishment and violated equal protection of the laws under 1st, 8th, 14th amendment of the united states constitution.

5. Sexual Harassment Claim, for the amount of $200,000.00

Sexual Harassment is actionable under section 1983, on 1/24/14 approximately 12:30 a.m. - 1:30 a.m., from D-1 dormitory escorting me to confinement building F-3 shower. Defendant Sgt. J. Mathis violated Plaintiff right throughout the entire escort. This constituted sexual harassment, cruel and unusual punishment under the 8th, 14th, amendments of the United States Constitution.

6. Excessive force claim, for the amount of $200,000.00

Excessive force is actionable under section 1983, on 1/24/14 approximately 1:20 a.m. - 1:30 a.m. in confinement building hallway in front of F-3 dormitory. I was hurt in severe pain by Sgt. Mathis using unnecessary excessive force, that left my wrists was bleeding from cuts that was created by handcuffs. The Defendant Sgt. J. Mathis violated the plaintiffs rights with his sadistic, malicious abusive acts. This acts constituted cruel and unusual punishment under the 8th, 14th Amendment of the United States constitution.

7. Psychological harm claim, for the amount of $250,000.00

Psychological harm is actionable under section 1983, on 1/24/14 approximately 1:30 a.m. after the incident of me being assaulted in numerous ways by Sgt. J. Mathis I was psychological damage that led to psychological emergencies, self-cutting suicidal attempts nightmares, waking up with cold sweats. The Defendant violated the Plaintiff rights and constituted cruel and unusual punishment under the 8th amendments of the United States constitution.

8. Contumacious behavior claim, for the amount of $250,000.00

Contumacious behavior is actionable under section 1983, on 1/24/14 approximately 12:30 a.m. 1:30 a.m. from D-1 dormitory to confinement building F-3 dormitory bottom shower, Sgt. J. Mathis escorted me during that time frame Sgt. J. Mathis Sexual Assault, Sexual Harass, and brutalize me and

was rebellious towards F.A.C. policy and constitutional rights.   The Sgt. J. Mathis violated plaintiffs rights and constituted retaliation cruel and unusual punishment, equal protection of the laws, under the 1st, 8th, 14th Amendments of the United States Constitution.

9. Conspiracy claim, for the amount of 250,000.00

Conspiracy is actionable under section 1983, on 1/24/14 approximately 12:30 a.m. - 1:30 a.m. from D-1 dormitory to confinement dorm F-3 bottom shower. The Defendant Sgt. J. Mathis made threats that he was going to beat me severely the Defendant plotted his assault on me.   I informed his supervisor Captain Martin about his threats Captain Martin ignore my pleas for help, and kick me out of his office afterwards Sgt. Mathis promise me he's going to make me pay informing Captain Martin on him past by in confinement building hallway Sgt. Mathis plotted to hurt me, while Sgt. Nicolas and officer Calvo plotted to watch me get hurt.   The Defendant Sgt. Mathis violated plaintiffs rights and constituted due process, equal protection retaliation, cruel and unusual punishment under 1st, 8th, 14th Amendments of the United States Constitution.

11. Retaliation claim, for the amount of $250,000.00 retaliation is under section 1983 on 1/24/14 approximately 12:30 a.m. - 1:30 a.m.   The Defendant had threaten to beat me severely during our walk to the captains office form D-1

dormitory, once we entered the captain office and explain to captain Martin that Sgt. J. Mathis was threaten to beat me and I feared for my life Captain Martin ignore and kick me out his office. When we left the captain office, Sgt. Mathis said I'm beat you real good teach about running your mouth you want to tell the captain you going to wish your bunkmate knows how to do body massage I'm wear your ass out. The Defendant Sgt. Mathis violated the Plaintiff rights and constitution retaliation cruel and unusual punishment under 1st, 8th, 14th amendments of the United States Constitution.

12. Supervisor liability claim, for the amount of $250,000.00 supervisor liability is actionable under section 1983. On 1/24/14 approximately 1:20 a.m. - 1:30 a.m. in confinement building hallway in front of F-3 dormitory, I Plaintiff was assaulted in may ways by Sgt. J. Mathis, Sgt. Mathis is a supervisor that had actual direct participation in violating my constitutional rights. This Defendant violated the Plaintiff rights and constituted due process, equal protection, cruel and unusual punishment under the 8th, 14th amendment of the United States Constitution.

Sgt. Q. Nicolas & Officer Calvo

1. Gross-negligence Claim, for the amount of $200,000.00 Gross-Negligence is actionable under section 1983, on 1/24/14 at approximately 1:20 a.m. - 1:30 a.m. in confinement building hallway in front of F-3 dormitory, Sgt. Q. Nicolas

and officer Calvo intentions was evil and was totally uncern for my welfare in facing of risks to my body and health as both Defendant just stood and Sgt. J. Mathis assault me in painful degradful ways and violated my constitutional rights. The Defendants Sgt. Q. Nicolas and Officer Calvo neglected my calling of help they violated the plaintiffs rights and constituted gross negligence, equal protection, cruel and unusual punishment under the 8th, 14th, amendments of the Unites States Constitution.

2. Deliberate indifference claim, for the amount of $200,000.00, deliberate indifference is action under section 1983, on 1/24/14 approximately 1:20 a.m. - 4:30 a.m. Sgt. A Nicolas and Officer Calvo was well aware that I was in danger of harm from Sgt. Mathis assaults, during the assault I had ask the Defendants Sgt. Q. Nicolas and Officer Clavo to help me stop Sgt. J. Mathis from hurt me they ignore me. After the assault they brought me in the shower to strip and search. I refuse and I refuse to let take the cuffs off my wrists to we get to medical because I need medical treatment for my injuries Sgt. J. Mathis just inflicted upon me an I also want to take the captain. Hours later captain never nor I never went to medical for injures, the Defendants was deliberate indifference to my health and safety from harm, and deliberate indifference for my medical treatment, these actions from the Defendant violates the Plaintiff

rights and constituted, failure to protect, deliberate indifference, equal protection, cruel and unusual punishment under the 8th, 14th amendments.

3. Contumacious behavior claim, for the amount of $200,000.00, contumacious acts is actionable under section 1983, on 1/24/14 approximately 1:20 a.m. - 4:30 a.m. base on Sgt. Nicolas and Officer Calvo gross negligence behavior it was unconstitutional as a state prison officer to deprive me of my constitutional rights. This behavior was rebellious towards F.A.C. policies and state laws, the behavior consist of evil intentions to stand there and watch Sgt. Mathis assaulted Plaintiff. The Defendant violated the plaintiffs constitutional rights and constituted equal protection, failure to protect, cruel and unusual punishment deliberate indifference to my medical needs, retaliation, under the 1st, 8th, 14th amendment of the United States Constitution.

4. Pain and suffering claim, for the amount $200,000.00, pain and suffering is actionable under section 1983, on 1/24/14 approximately 1:20 a.m. - 4:30 a.m. from confinement building hallway in front F-3 dormitory the Defendants evil intentions to watch me get assaulted instead of stopping Sgt. Mathis form hurting me, that shows Sgt. Q. Nicolas and Officer Calvo was totally uncern for my welfare in facing risks to body and health a assault form Sgt. Mathis that left me suffering that could've been prevented by these Defendants then these Defendants neglected medical treatment left in the showers for hours to suffer

in pain.  The Defendant Sgt. Nicolas and officer Calvo violated plaintiffs rights and constituted equal protection, negligence, fail to protect cruel and unusual punishment under the 8th, 14th amendments of the United States Constitution.

5. Psychological harm claim, for the amount of $200,000.00, psychological harm is actionable under section 1983, on 1/24/14 approximately 1:30 a.m. due to the Defendant Sgt. Q. Nicolas and Officer Calvo failure to protect me form Sgt. Mathis brutal assault: after that incident I was psychological damages which led to psychological emergencies to me cutting my self trying suicidal attempts, nightmares, waling up with cold sweats and more.  The Defendant Sgt. Nicolas, and Officer Calvo violated the plaintiffs rights and constituted failure to protect, deliberate indifference, equal protection cruel and unusual punishment under the 8th, 14th amendments of the United States Constitution.

6. Conspiracy claim, for the amount of $250,000.00 conspiracy is actionable under section 1983, on 1/24/14 approximately 1:20 a.m. - 4:30 a.m. between and after the Defendant Sgt. Nicolas and Officer Calvo plotted to stand over and watch me get degraded, violated and then denied my pleas for help.  At approximately 1:30 a.m. right after assault Sgt. Nicolas and Officer Calvo planed to leave me in the in the shower in F-3 dorm to suffer in pain and they deny me medical treatment for my injuries Sgt. Mathis inflicted.  The Defendants violated the plaintiffs rights and constituted failure to protect, equal

protection, retaliation, cruel and unusual punishment under 8th, 14th amendment of the United States constitution.

7. Supervisor liability claim, for the amount of $250,000.00 on 1/24/14 at approximately 1:20 a.m. - 4:30 a.m. in confinement building hallway in front of F-3 dormitory, Defendant Sgt. Nicolas as supervisor over confinement actually direct participation in the constitutional rights violation, also grossly negligent supervision of subordinate who committed a violation. The Defendant Sgt. Nicolas violated the plaintiffs rights and constituted equal protection, gross-negligence cruel and unusual punishment under 8th, 14th amendment of the United States Constitution.

8. Retaliation claim, for the amount of $250,000.00 retaliation claim is actionable under the section 1983, on 1/24/14 approximately 1:30 a.m. in F-3 bottom shower I didn't allow the Defendant Sgt. Nicolas and officer Calvo to uncuff me without first taking to medical because I was in so much pain. The Defendant refuse and left me there to suffer in pain to refuse to uncuff, left me there for hours. The Defendant Sgt. and Officer Calvo violated the plaintiffs rights and constituted retaliation, equal protection cruel and unusual punishment under 1st, 8th, 14th amendments of the United States Constitution.

9. Failure to protect claim for the amount of $250,000.00 failure to protect claim is actionable under Section 1983, on 1/24/14 approximately 1:23 a.m.

during the time Sgt. Mathis was assaulting I had ask the Defendants Sgt. Q. Nicolas and officer Calvo to help me. They plotted to stand there and ignore me and watch me get assaulted. The Defendants Sgt. Q. Nicolas, Officer Calvo violated the Plaintiff rights and constituted deliberate indifference, negligence equal protection, conspiracy, under 8th, 14th amendments of the United States Constitution.

<u>Legal Claims</u>

Captain Martin

1. Gross-Negligence claim for the amount $400,000.00 Gross-negligence is actionable under section 1983 on 1/24/14 approximately 12:30 a.m. - 12:40 a.m. in Captain Martin Office I inform Captain Martin of the prior threats made by Sgt. Mathis while in route to the captain office. I told captain Martin I feared for my life because his threats I felt like there was more of a promise, Captain Martin ignore and kick me out his office this Defendant Captain Martin violated the plaintiffs rights and constituted negligence due process, equal protection, cruel and unusual punishments, under the 8th, 14th amendments of the Untied States Constitution.

2. Cruel and unusual punishment is actionable under 1983, for the amount of $200,000.00 on 1/24/14 approximately 12:30 a.m. - 12:40 a.m. Captain Martin refuses to give me reasonable protection from violence, the captain had for

knowledge of prior threats from Sgt. Mathis that I expounded to him about.  An after Sgt. Mathis did actually assaulted me in many ways Captain Martin had refuse to come take to me and talk to medical thesis statement from his Sgt. Nicolas and Officer Calvo.  This Defendant violated the Plaintiff rights and constituted cruel and unusual punishment, equal protection under the 8th, 14th Amendments of the Untied States Constitution.

3. Pain and suffering claim, for the amount of $250,000.00 pain and suffering claim is actionable under section 1983, on 1/24/14 approximately 12:30 a.m. - 12:40 a.m. due to captain Martin negligence me, now I'm suffering and pain from Sgt. Mathis assaults that could've been prevented.  This Defendant captain martin violated the plaintiffs rights and constituted due process,, equal protection, cruel and unusual punishment under 8th, 14th amendments of the United States Constitution.

4. Psychological harm claim, for the amount of $250,000.00 psychological harm is actionable under 1983 on 1/24/14 after the incident of Sgt. Mathis assaulted me in many ways.  This incident could've been prevented by captain martin due to his immediate danger form Sgt. Mathis threats, this led to me going countless nightmares of the incident and emotional damages and mental crisis, this Defendant Captain Martin violated the plaintiffs rights and

constituted equal protection, cruel and unusual punishment under 8th, 14th amendments of the United States Constitution.

5. Contumacious behavior claim, for the amounts of $250,000.00 contumacious behavior is actionable under 1983, on 1/24/14 approximately 12:30 a.m. - 12:40 a.m. in Captain Martin office, Captain Martin behavior was contumacious he neglect my pleas for protection he neglect F.D.O.C. policies, he neglect state laws and the constitution. Captain policy custom to allowing and encouraging the illegal acts his officers commits his participation violates F.D.O.C. policies. This Defendant captain Martin violates the Plaintiff rights and constituted equal protection due process, cruel and unusual punishment under 8th, 14th, amendments of the United States Constitution.

6. Supervisor liability claim, for the amount of $250,000.00 supervisor liability is actionable under 1983, on 1/24/14 approximately 12:30 a.m. - 12:40 a.m. in captain Martin office. I explained to a captain Martin that I was in immediate danger over I also told him Sgt. Mathis violated my rights and threaten to beat me severely. Captain Martin neglect me and kick me out his office. Captain Martin created a policy or custom allowing or encouraging the illegal acts from previous assaults reports on shifts before my incident. This defendant Captain Martin violated the plaintiffs rights and constituted negligence, equal protect,

cruel and usual punishments under the 8th, 14th amendments of the United States Constitution.

7. Policy or custom claim, of the amount of $500,000.00 policy or custom is actionable under 1983, on 1/24/14 approximately 12:30 a.m. - 12:40 a.m., captain Martin knew of past misconduct of Sgt. J. Mathis and failed to protect me from unreasonable risks from Sgt. Mathis. Also captain Martin policy or custom to allowing and encouraging the illegal acts his officers commits, that's his participation on violated F.D.O.C. policies, constitution laws this Defendant Captain Martin violated the plaintiffs rights and constituted gross negligence, equal protection, cruel and unusual punishment under the 8th, 14th Amendments of the United States Constitutions.

8. Failure to protect claim for the amount $500,000.00 failure to protect is actionable under section 1983, on 1/24/14 in Captain Martin office I informed him of threats that was made by Sgt. Mathis before reaching his office. I informed Captain Martin that I was in danger from what Sgt. Mathis stated he was going to do me. Captain Martin neglected me and kick me out his office. Defendant captain Martin violated plaintiffs rights and constituted failure to protect negligence, equal protection under the 8th, 14th amendments of the Untied States Constitution.

<u>Legal Claims</u>

<u>Dade C.I. Warden J. Cummings</u>

1. Gross-negligence claim, for the amount of $250,000.00 gross-negligence is actionable under section 1983, before and after the date of my incident that took place on 1/24/14 in confinement building hallway the institution Warden Cummings was well aware and informed by prior complaints from assaulted inmates grievances and inmates families calling and complaining about there family members getting brutalize by officer on captain Martin shift like Sgt. and more officers. The Warden Cummings neglected these institutional issues that led the Sgt. Mathis to assault me. The Defendant Warden Cummings violates the Plaintiff rights and constitution gross negligence, cruel and unusual punishment, equal protection under the 8th, 14th, Amendments of the Untied States Constitution.

2. Failure to protect claim, is actionable under section 1983, for the amount of $250,000.00 the institution Warden Cummings was well aware of the guard brutality on inmates before the date of incident due to there negligence of the matter I was assaulted by Sgt. Mathis. These Defendants Dade C.I. Warden Cummings neglected, violated the plaintiffs rights and constituted failure to protect, equal protection, cruel and unusual punishment under the 8th, 14th amendments of the United States constituted.

3. Pain and suffering claim, for the amount of $500,000.00 pain suffering is actionable under section 1983, base on the Warden negligence to protect inmates form guard brutality.  I was assaulted by Sgt. J. Mathis and my constitution rights violated and was left in the shower to suffer in pain by Sgt. Nicolas and officer Calvo.  These Defendants Dade C.I. Warden Cummings violated the plaintiffs rights and constituted equal protection, cruel and unusual punishment under the 8th, 14th amendments of the Untied States Constitution.

4. Psychological Harm claim, for the amount of $750,000.00 psychological harm base on the Warden Cummings negligence on guard brutality on inmates before the date of my incident and after.  There negligence allows officers, like Sgt. Mathis to brutalize, sexual assault and harassment, degraded and humiliated me that led to emotional and mental damages.  These Defendant Dade C.I. Warden Cummings violated plaintiffs rights and constituted gross negligence, equal protection, failure to protect, cruel and unusual punishment under the 8th, 14th amendments of the United States Constitution.

5. Contumacious behavior claim, for the amount of $750,000.00 contumacious behavior is actionable under section 1983, base on the institution Warden Cummings negligence failure to protect equal protection rebellious towards F.A.C. policies, and inmates health and protection from guard brutalize violated

the plaintiffs rights, cruel and unusual punishment under 8th, 14th amendments of the united states constitution.

6. Supervisor liability claim, for the amount of $750,000.00, supervisor liability is actionable under 1983, before the date of my incident of guard brutality, Dade C.I. Warden Cummings created a policy or custom allowing or encouraging the illegal acts and violating inmates constitutional rights. Dade C.I. Warden Cummins failure to remedy a wrong after being informed through a report or appeal, which Dade C.I. Warden Cummings was well aware of the wrongfully assaults on inmates before and after my incident. The Defendant Dade C.I. Warden Cummings violated plaintiffs rights and constituted gross-negligence, failure to protect, failure to remedy wrongful act by officers, equal protection, cruel and unusual punishment under the 8th, 14th, amendments of the United States Constitution.

7. Policy or custom claim, for the amount of $1,000,000.00, policy or custom is actionable under 1983 before and after the date of my incident of being assault. Dade C.I. Warden was well aware of these brutal assaults by they officers and they never enforce and violating inmates rights. Past complaints and grievances Dade C.I. Warden Cummins remedy these grievances and stop the wrongful, degradfuly, brutal assaults on inmates before and after my incident the Defendants Dade C.I. Warden Cummings violated the plaintiffs rights and

constituted gross-negligence, equal protection, failure to protect, failure to enforce state laws, cruel and unusual punishment, under the 8th, 14th amendment of the United States Constitution.

8. Conspiracy claim, for the amount of $1,000,000.00 is actionable under section1983, base on investigations evidence reports, complaints rove th at Defendant Dade C.I. Warden Cummings and secretary Michael D. Crews before the date of my incident 1/24/14 plotted and created a policy or custom of allowing or encouraging officers at Dade C.I. to violate and brutalize inmates, and plotted to neglect complaints and reports form inmates about being victims of Guard brutality. The Defendant Dade C.I. Warden Cummings violated the plaintiffs rights and constituted, failure to protect, negligence conspiracy, equal protection under the 14th amendment of the constitution.

Legal Claims

Secretary of F.D.O.C. Michael D. Crews

1. Gross negligence claim, for the amount $1,000,000.00 gross negligence is actionable under section 1983, before and after the date of my incident the secretary of F.D.O.C. was well aware of the brutal assaults and illegal acts of these officers at Dade C.I. secretary of F.D.O.C. Michael D. Crews was aware of the complaints and reports made by inmates and inmates family about the brutal assaults on inmates. Secretary Michael D. Crews was aware of the

complaints and reports made by inmates and inmates family about the brutal assaults on inmates.   Secretary Michael D. Crews intentions was evil and was totally uncern for my and other inmates welfare in facing of serious risk to body and health in the hands of his officers under Dade C.I. administration.   The Defendant neglected these complaints and reports, the Defendant secretary Michael D. Crews violated plaintiffs rights and constituted gross negligence, cruel and unusual punishment, equal protection under the 8th, 14th amendments of the United States Constitution.

2. Failure to protect claim, for the amount of $1,000,000.00 failure to protect is actionable under the section 1983 before the date of my incident Secretary Michael D. Crews failure to protect inmates from the guards brutal assaults, the Defendant was deliberate indifference to inmates health and body at Dade C.I. he was well aware of the grievances and reports made by inmates and family and no actions was in place to prevent or stop the guard brutality and illegal acts.  The Defendant secretary Michael D. Crews violated Plaintiff rights being deliberate indifference towards my constitutional rights, health and safety ,and constituted equal protection, cruel and unusual punishment under the 8th, 14th amendments of the United States Constitution.

3. Pain and suffering claim, for the amount of $1,000,000.00 pain and suffering is actionable under section 1983, base on gross negligence form the secretary

Michael D. Crews to neglect complaints and reports made by inmates and there family members about wrongful assaults, and violations of inmates constitutional rights by officers at Dade C.I. the Defendant secretary D. Crews intentions was evil to neglect these complaints and reports and no enforce F.A.C. and state laws, and in place precautions to prevent or stop these wrongful assaults by prison officers allowed Sgt. J. Mathis to assault and violated me the Defendant secretary Michael D. Crews violated the plaintiffs rights and constituted gross negligence failure to protect equal protection, cruel and unusual punishment under the 8th, 14th amendments of the United States Constitution.

4. Psychological harm claim, for the amount of $1,000,000.00 psychological harm is actionable under section 1983, base on secretary Michael D. Crews gross negligence, and deliberate indifference towards inmates rights and health and protection form guard brutality by officers at Dade C.I. which the Defendant was well aware of complaints and reports on these wrongful assaults and not enforcing the F.A.C. and state laws and in place precautions to prevent or stop these assaults allowed Sgt. J. Mathis to violate and assault the Plaintiff now psychological damage the Defendant violated the plaintiffs rights and constituted gross negligence on rights, deliberate in difference on inmates

health and protection from guard brutality, equal protection, cruel and unusual punishment under the 8th, 14th amendment of the United States Constitution.

5. Contumacious behavior claim, is the amount of $1,000,000.00 contumacious behavior is actionable under section 1983, base on the secretary Michael D. Crews gross negligence and deliberate indifference towards inmates health and protection from the guard brutality before the date of me being assaulted by Sgt. Mathis violates the plaintiffs rights and constituted equal protection cruel and unusual punishment under the 8th, 14th amendments of the United States constitution.

6. Supervisor liability claim, for the amount of $1,000,000.00 supervisor liability is actionable under section 1983, before the date of my incident of guard brutality the Defendant secretary Michael D. Crews created a policy or custom allowing or encouraging the illegal acts and violating inmates constitutional rights and wrongfully brutalizing them. Secretary Michael D. Crews failure to remedy wrongful assaults after being informed through a complaint, report or appeal, secretary Michael D. Crews was well aware of the wrongful assaults on inmates before the date of my incident. The Defendant secretary Michael D. Crews violated the plaintiffs rights and constituted equal protection, gross negligence, failure to protect, cruel and unusual punishment under the 8th, 14th amendments of the United States Constitution.

7. Policy or custom claim, for the amount of $1,000,000.00 policy or custom claim is actionable under section 1983 before the date of my incident of being assaulted by prison guards the Defendant secretary Michael D. Crews was well aware of the complaints and reports inmates and families been making on Dade C.I. for allowing for encouraging there officers to violating inmates rights and brutalizing them though records prove the Defendant secretary Michael D. Crews neglected these complaints and reports, because it was still going on before the date of my incident, also the Defendant never enforce or change Dade C.I. administration stuff member to prevent the problems or eliminate the violating officers not even precautions was in place after some complaints and made the Defendant is fully responsible for all operations within all institutions under its jurisdiction something have been done to stop these wrongfully assaults on inmates. The Defendant secretary D. Crews violated Plaintiff rights and constituted failure to protection, cruel and unusual punishment under the 8th, 14th amendments of the United States Constitution.

8. Conspiracy claim, for the amount of $1,000,000.00 conspiracy claim is actionable under section 1983 base on investigation, evidence, reports, complaints prove that Defendant secretary Michael D. Crew and Dade C.I. warden J. Cummings before the date of my incident 1/24/14, plotted and created policy or custom of allowing or encouraging officers at Dade C.I. to

violate and brutalize inmates. Also plotted to neglect complains and reports made by inmates and families for being victims of guard brutality and other civil rights violations. The Defendant secretary Michael D. Crews violated the Plaintiff rights and constituted failure to protect, conspiracy, equal protection under the 14th amendment of the United States Constitution.

## V.I. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that's this Honorable Court enter judgment granting plaintiffs:

A declaration that the acts and omissions described herein violated plaintiffs rights under the constitution and laws of the United States.

Award Plaintiff the monetary amount $ stated with each claim.

Compensatory damages in the amount of $3000,000.00 against each Defendant, jointly and severely.

Punitive damages in the amount of $500,000.00 against each Defendant.

Demand Dade C.I. Warden J. Cummings and secretary Michael D. Crews to eliminate there policy or custom of allowing or encouraging officers to violating and assaulting inmates.

A jury trial on all issues trial able by jury

Any additional relief this court deems just, proper and equitable.

Date ___7│8│14_____

    Respectfully Submitted,

Prisoner Name: Isrel Rigaud
    Address:   Charlotte Correctional Institution
               33123 Oil Well Rd.
               Punta Gorda, Fl. 33955

## **VERIFICATION**

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matter alleged on information and belief and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Charlotte Correctional Institution on ___7│8│14_____

        /N/ _Isrel Rigaud_____ DC # _M-66890_

        /S/ _Isrel Rigaud_____ DC # _M-66890_



**PART B - RESPONSE**

| RIGAUD, ISNEL | M66890 | 1403-463-030 | DADE C.I. | F2211U |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your grievance has been received reviewed and investigated. Your alleged allegations will be forwarded to the inspector general's office for investigation.

Your grievance is approved on the basis that your alleged allegations will be forwarded to the inspector general's office for further investigation.

Your grievance is approved.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303, completing the form and forwarding it with all attachments to the Office of the Inmate Grievance Administrator, 501 South Calhoun St., Tallahassee, FL, 32399-2500. If you do appeal, take the form and attachments to the mailroom for receipting.

D. McCarter,  Colonel

J. Williams, AWP

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 3-11-14 |
|---|---|---|
| | | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Asst. Warden's Office

MAR 07 2014

☐ **Third Party Grievance Alleging Sexual Abuse**

O: ☐ Warden   ☑ Assistant Warden   ☐ Secretary, Florida Department of Corrections

from or IF Alleging Sexual Abuse, on the behalf of:

| Rigaud Jonel | M#le°90 | Dade CI |
|---|---|---|
| Last  First  Middle Initial | DC Number | Institution |

**Part A – Inmate Grievance**

I'm filed this grievance because I am a victim of "inward Brutality" and "sexual assault" I been been violently assaulted by a staff member whom have as defined in pertinent parts of Ch 33-602.210(2)(m) serious bodily injury "subjected me in physical condition that creates a substantial risk" of potential less of or impairment of the function of my lowerback "due to inward Brutality", The F-3 dormitory camera facing the officer station recorded the incident on 1/24/14 1:10-1:30 its no way that nobody can tell that I didn't strain my back, thats already been damage before, me forcing my self to bend over, with my arms stretch up and push forward almost reaching and passing my head and every time I took a step my feet being steary, almost causing me to fell over bend in this awkward position you can't tell me I didn't hurt my extremly damage back and made it worst, just like I told the nurse, I but requested forms and was demanding to see the captain so I can go to medical I stay in the shower bout 2 hours, "check the cameras" I ask the officer and Sgt over confinement that night begging to see the Sgt captain so I can go to medical, the Sgt told me the captain wasn't coming On 1/24/14 12:30am from D dormitore the captain officer Sgt Mathis was making bad threats, using profane derogatory words and was abusive, sexual comments, Sgt Mathis said I'm not going to believe you over my officer you "buck ass nigga" you better be ready cause I'm wear your ass out you punk bitch I'm make you pay, you better hope your cellmate ass is too to do body massage cause you going to need it "pussy ass nigga" we buy sell pussy out "you going to get fuck up tonight Sgt Mathis violated Ch#33-208. 002(2)(c)(Ch33-208.003(24)(26)(32)" "is you really think officers, and staff members don't violate rules, LpA reaching the captain office, I explain to the captain the type of inwards Sgt Mathis was making to me, threatening and using sexual profane words, the captain kick me out

| 3/5/14 | J. Jonel Rigaud |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

_____ / _____
#          Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code.  When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office.  The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels.  The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution.  If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _____   Institutional Mailing Log #: _____   _____
                          (Date)                                                        (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | TRAL OFFICE INMATE FILE |
| | | AL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)            Incorpor-            Rule 33-103.006, F.A.C.

Isnel Rigaud M-6689
Isnel Rigaud    M-66890

*Continuation pg 1*

Captian ~~Martin~~ Martin decide not to address or report, Kaptain violated Ch.33-208.002(10), Ch.33-208.003(24),(32)

3) In route to medical S.g.t Mathis was upset and continue making threats and using profane derogatory words and abusive sexual comments, S.g.t Mathis was trying to degrade, he was embressing, and Sexual harassing me in front of centergate where was a female officer, S.g.t Mathis violated Ch.33-208.002(8),(10) / Ch.33-208.003(20),(24),(32) as stated above.

4) S.g.t Mathis was escorting me from medical he was calling me snitch for telling the Captian Martin all he said to me, then S.g.t Mathis said I'm write you a d.r. for threaten a officer, when we pass center gate I seen the Captain and 3 other officers standing outside his office, I immediatly started to call Captain Martin to notify him about this false D.R. S.g.t Mathis was threating to write on me, "Retaliating" because I noticed his C.I.C about his behavior, he stated in his act of "retaliation," When I called the Captain Martin 3 times he ignored me so I stop calling him. Approximatly 1:10 or 1:15, we enter Fab.Using S.g.t Mathis noticed the building officers He/came place me in a cell, when they came obit the officer station S.g.t Mathis grab my hand and then grab the handcuffs with ~~his~~ his other hand and squeeze the handcuffs tight as he could on my wrist, then he bend the cuffs backwards that force my to bend also, So I said what I do to deserve this "S.g.t Mathis said using profane add dergatory words and making abusive sexual comments, calling pussycat you are bitches nigga I can see your whiskers you big pussy bitch I'm going to fuck you up tonight pussy, In the process of making these comments S.g.t lifted my arm so high it almost past my head and was bending ~~the~~ cuffs backwards with more pressure, ~~his action~~ his actions force me to bend over or he would've broken my hand, wrist, and arm, he order me to walk yet everytime I took a step S.g.t Mathis stamp on my feet hindering my ability to walk, and then he thrust his crotch against my leg making all type of sexual comments, you punk bitch you know you like it like that, I said get the fuck off of me "everytime I took a step he repeat these actions so I ask the other officers this how yall do things back here, they ignored me, S.g.t Mathis kept calling me names, "degrading embressing, harrassment, you punk bitch I'm fuck you up to night, you fuck ass nigga I could see that big pussy from the ~~back~~ back. I tryed my best to move him off me but I couldn't my arm was on the verge of breaking then I ask S.g.t andrews and Officer Lupos help me, what yall just going to stand there. what did I deserve this "and I'm not even attempting to resist, he was hindering my ability to walk and almost tripping me forward and would've fell on my face, if it had not been for the fact that I was held up by the handcuffs.

Isnel Regardie
Isnel Regardie
IM Law 240
Dc #

Continuation p.g2

S.g.t Mathis violated my rights and ch.33-208.002(8)(10) /33-208.003(26)/(24),
(32)/33-602.210 Use of Force(3),(4)(5)(6)(7),(10)(11)

S.g.t Mathis all these rules when sexual assaulted me, and brutalized
me, all these violated are caught on camera, the camera in E-3
that facing the officer station, caught the whole incident that took
place in the hallway of the building on 1/24/2014 between the
time 1:10 to 1:30.

5) I explain this incident to Mr. picardi the mental Health specialist
Monday, and the Specialist advise me not to write a grievance before
getting serve D.R., cause it might extented confinement senience, and
that what I did.

Now I am a emergency grievance for the reasons thats stated
above. Something needs to be done I FEAR MY LIFE AT THIS
INSTITUTIONAL !

I WANT TO PRESS CHARGES

I was told to submit to grievance in institutional
Level first

AGENCY CLERK

APR 16 2014

Department of Corrections
Inmate Grievance Appeals

**PART B - RESPONSE**

| RIGAUD, ISNEL | M66890 | 14-6-11361 | DESOTO ANNEX | F2105L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. A review of your formal grievance indicates that it was approved. If you do not agree with the action taken as a result by the institution, you should re-submit your complaint indicating same, and initiating it at the informal level.

Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner) to resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure. Attach a copy of this response to your re-filed grievance.

Based on the foregoing information, your grievance is returned without action.

M. Solano

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 4/10/14 DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

RECEIVED

FLORIDA DEPARTMENT OF CORRECTIONS
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCES

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden     ☐ Assistant Warden     ☒ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

| Rigaud | Israel | | M66890 | Desoto Annex |
|--------|--------|--|--------|--------------|
| Last | First | Middle Initial | DC Number | Institution |

Part A – Inmate Grievance     14-6-1136

① I looking for Administrative Remedy Basis on toward Brutality and sexual Assault,
② for the injuries on Wrist that was swollen and cut from the restraints, my lower
back was redamage from the askward position I was force in ③ for restless nights and
nightmares and physical/mental emergency that led me to cutting my wrist tissue because
I was going through a mental crises and mental disturbance from the incident,
④ Restraining Order against Mathis for sending me a message through officer Edwards
on 2/20/14 approximately 9:00 p.m 9:30 p.m its on camera, ⑤ for falsely accusing me
of threaten ham and sitting in confinement 30 days for spoke threat D.R.
I looking for Compensation for all Stated issues due to this incident.

I met with Senior Inspector General Ms. Ryder 3/24/14 at South Florida Reception center
and discuss these issues that took place, then was transferred 3/25/14 to Desoto
Annex, If I didn't met any specific timelines I was in process of being transferred
3/20/14 from Dade C.I. to S.F.R.C. the officers didn't allow any legal work or
legal mail brought to confinement the officers stated we didn't need all these
stuff cause we won't be here long I told the officers I had a legal
deadline coming up and still denied my legal work and papers. I was transferred
3/25/14 to Desoto Annex on that date I had a physical/mental emergency and
was brought to the infirmary as a OMOS I believe and was discharge on the
DR approximately 12:30 p.m I believe, during these transferred and mental
Health emergency I didn't have time to prepare a appeal or look for further Administration
Remedy through these issues that documents if I past a timeline when I
recieve Assistant Warden Response on 3/17/14, so now I'm seeking further administrative
Remedy for constitutional rights violated, physical damage, mental and emotional damages
Thank You.

3/29/14                                    Israel Rigaud M66890
DATE                                    SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**     / 1
                                                    #     Signature

106
463

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 4/2/14     Institutional Mailing Log #: 04-04     (Received by)
                          (Date)

1403 463 030

Sgt. Mathis

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---------------|----------------------|----------------|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)     Incorporated by Reference in Rule 33-103.006, F.A.C.



The Camera footage in F-3 dormitory that facing the officer's Station, that records everything in the area, that recorded the wrongfull assaults inflicted to the plaintiff by defendant S.g. & J. Mathis, On 1/24/14 approximately 1:25 a.m - 1:30 a.m

This Camera footage was declare evidence in the grievance # 1403-463-030, this footage Should be Store in inmate Isnel Bigaud DC# M-66840 prison files.



The Camera footage in F-3 dormitory that facing the Officer's Station that recorded everything in the area, that recorded Sg.t Nicolas and Officer Calve deliberate indifference towards my medical treatment and left me in the Shower for hours. On 1/24/14 approximately 1:30 a.m - 4:30 a.m.

The Camera footage was declare evidence in the grievance #1403-463-030, this footage Should be store in inmate Isnel Rigaud DC# M-66890 prison files.



IN THE UNITED STATES DISTICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ISNEL RIGAUD
        Plaintiff

OF                  V.                    Declaration
                                          Jason A. Anderson #L2643T
S.g.t J Mathis                    BL
        Defendant

        Declaration                       Case # 1:14CV-21964-UU

        In the case, et al,

        S.g.t Q. Nicolas

        Officer. Calvo

        Captain. Martin

        Dade C.I. Administration  Warden J. Cummings

Secretary of F.D.O.C Administration. Micheal D Crews

        I Jason A. Anderson #L2643T          hereby declare:
        I inmate Jason A. Anderson      DC# L2643T  have also
been victimize, brutalize twice, by Officers at Dade C.I., One
incident took place before and the other incident took place after,
Inmate Isnel Rigaud DC# M66890 incident. I inmate Jason A.
Anderson #L2643T  have made numerous complaint reports about
being wrongfully assaulted before 1/24/14. I inmate Jason A. Anderson
#L2643T  also have knowledge of other inmates thats been
wrongfully assaulted and made numerous complaint reports.
   Dade C.I. administration never in place any precautions to
prevent future assaults or eliminate the corrupted officers thats
commiting these wrongfully assaults and other violations that done
with malicious and sadistic intentions.

   I inmate Jason A Anderson #L2643T was moved into F-3204
Confinement Cell on Jan 28, 2014, since that date till the 31 of

Of January when inmate Isnel Rigaud gave up asking to go to medical. I inmate Jason A. Anderson #L26437 Witness inmate Isnel Rigaud put in sick calls and ask officers numerous times that he needed medical treatment for injuries a Guard inflicted and he was denied.

I inmate Jason A. Anderson #L26437 seen with my 2 eyes inmate Isnel Rigaud injuries, first inmate Isnel Rigaud showed me his wrists it was really swollen with little cutts that Obivious came from hand cuffs with blood stains around the cutts. Then inmate Isnel Rigaud showed me his upper arms that was swollen, inmate Isnel Rigaud then showed me his lower back anybody could tell it was swollen also I observe in Inmate Isnel Rigaud couldn't sit down too long his back start hurting and he will start complaining. Then finally inmate Isnel Rigaud showed me his feet and his toes was swollen with redness all around them.

Inmate Rigaud explain to me how Sg.t J. Mathis assaulted him in a painfully and degradefully way, thats how his injuries was inflicted. I inmate Jason A. Anderson #L26437 advise inmate Isnel Rigaud to write a grievance about it, also write his Family about the incident and they neglecting him medical treatment. I inmate Jason A. Anderson #L26437 is also seeking justice from Guard brutality from Officers at Dade C.I., Dade. C.I administration and Florida Departments of corrections administrations should be held responsible for these wrongfully assaults, that they continually neglecting, even inmates grievances and there family calling complaining. Reporting these assaults and our constitutional rights violated still nothing has been done. Justice should be serve wrong is wrong.

I inmate Jason A. Anderson #L26437 declares under penalty of perjury that the foregoing is true and correct. Executed at Dade correctional Florida    on 6-16-14.        /s/ _____ #L26437
State                        Date



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ISNEL RIGAUD
Plaintiff

V.

Case #: 1:14-CV-21964-UU

S.gt J. Mathis
Defendant

Declaration
    In the case, et al,

# DECLARATION

    I Gregory Davis                    hereby declares:

    I inmate GREGORY DAVIS           DC# 980120
have also heard or seen inmates with injuries that was inflicted
by prison officers, at Dade C.I. Esspecially on Captain.
Martin Shift when the most corrupted ruthless officer
work. I Gregory Davis           was at Dade C.I. from
december 2012 to July 2013, I have knowledge knowing that
on captain. Martin Shift you get accuse for any Dirs true or false
if you commit or not you are going to get a beat down.
    I Gregory Davis         also have knowledge of inmates
that was wrongfully assaulted maded complaints, grievances
about the incidents and never got any justice.
    This prison knowledge at Dade C.I. you will get a beat
down if you be accuse for any thing and recieve alot
of false dir's to keep you confine" segregation longer as
another punishment.

I _Gregory Davis_ believe justice should serve for anyone committing crimes, even me I committed my crime and I doing my time responsibly. Everybody should be ponish for wrong doings, wrong is wrong there no justifications especially wrong assaulting somebody thats cruel.

I _Gregory Davis_ incorporated in making this declaration because its true Dade C.I. administration and Officers been get away with these wrongful assaults for to long justice needs to be serve.

I inmate _Gregory Davis_ declares under penalty of perjury that the foregoing is true and correct.

Executed at Charlotte C.I. an Florida On June 16, 2014

/s/ _____

1 Summon
for each
Defendant

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

Isnel Rigaud
   Plaintiff

v

   Sgt J. Mathis
   Sgt A. Nicolas
   Officer, Calvo
   Captain. Martin
   Dade C.I. Warden J. Cummings
   Secretary of F.D.O.C. Micheal D. Crews
   Defendants

Individually and in their Offical Capacities

SUMMONS

CASE # 1-14-CV-21964-UU

PROVI...
CHARLOTT... ...on
JUL 0 8 ....
FOR MAILING

TO THE ABOVE-NAMED DEFENDANTS:

   You are hereby Summoned and required to serve upon
Plaintiff, Whose address is Charlotte C.I. 33123 Oil Well
Road, Ponta Gorda, FL 33955 an answer to the Complaint
Which is here with served upon you, Within 20 days after
Service of this Summons upon you, exclusive of the day
Of Service, or 60 days if the U.S. government or Officer/
agent there of is defendant.

   If So you fail to do so, judgement by default will
be taken against you for the relief demanded in the
Complaint.

                                    Respectful, Sobmitted

        Clerk OF Court

Date:

IN THE UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF FLORIDA

Isrei Rigaud
  Plaintiff

v

  Sgt J. Mathis
  Sgt Q. Nicolas
  Officer, Calvo
  Captain Martin
  Dade C.I. Warden J. Cummings
  Secretary of F.D.O.C Micheal D.Crews
  Defendants

Individually and in their Offical Capacities

**SUMMONS**

CASE # 1-14-CV-21964-UU

PROVIDED TO
CHARLOTTE CI ON

JUL 0 8 RECD

FOR MAILING _____

## TO THE ABOVE-NAMED DEFENDANTS:

You are hereby Summoned and required to serve upon Plaintiff, whose address is Charlotte C.I. 33123 Oil Well ROAD, Ponta Gorda, FL 33955 an answer to the complaint which is here with served upon you, within 20 days after Service of this Summons upon you, exclusive of the day Of Service, or 60 days if the U.S. government or Office/agent there of is defendant.

If so you fail to do so, judgement by default will be taken against you for the relief demanded in the Complaint.

Respectful, Sobmitted

Clerk Of Court

Date:

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

Isrei Rigaud
  Plaintiff

V

  Sgt J. Mathis
  Sgt a. Nicolas
  Officer, Calvo
  Captain Martin
  Dade C.I. Warden J. Cummings
  Secretary of F.D.O.C Micheal D. Crews
  Defendants

SUMMONS

Case # 1-14-CV-21964-UU

PROVIDED TO
CHARLOTTE CI ON

JUL 08 REC'D

FOR MAILING

Individually and in their Offical Capacites

## TO THE ABOVE-NAMED DEFENDANTS:

You are hereby Summoned and required to serve upon
Plaintiff, Whose address is Charlotte C.I. 33123 Oil Well
Road, Ponta Gorda, FL 33955 an answer to the Complaint
Which is here with served upon you, Within 20 days after
Service of this Summons upon you, exclusive of the day
Of Service, or 60 days if the U.S. government or Office/
agent there of is defendant.

If so you fail to do so, judgement by default will
be taken against you for the relief demanded in the
Complaint.

Respectful, Submitted

Clerk OF Court

Date:

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

Isrei Rigaud
    Plaintiff

v

    Sgt J. Mathis
    Sgt A. Nicolas
    Officer, Calvo
    Captain. Martin
    Dade C.I. Warden J. Cummings
    Secretary of F.D.O.C. Micheal D. Crews
    Defendants

Individually and in their Offical Capacities

SUMMONS

Case # 1-14-CV-21964-UU

PROVIDED TO
CHARLOTTE CI ON

JUL 0 8 REC'D

FOR MAILING

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby Summoned and required to serve upon
Plaintiff, Whose address is Charlotte C.I. 33123 Oil Weil
ROAD, Ponta Gorda, FL 33955 an answer to the Complaint
which is here with served upon you, Within 20 days after
Service of this Summons upon you, exclusive of the day
of Service, or 60 days if the U.S. government or Office/
agent there of is defendant.

If so you fail to do so, judgement by default will
be taken against you for the relief demanded in the
Complaint.

Respectful, Sobmitted

Clerk of Court

Date:

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

Isnei Rigaud
     Plaintiff

v

Sgt J. Mathis
Sgt A. Nicolas
Officer. Calvo
Captain. Martin
Dade C.I. Warden J. Cummings
Secretary of F.D.O.C. Micheal D. Crews
Defendants

SUMMONS

Case # 1-14-CV-21964-UU

PROVIDED TO
CHARLOTTE C.I. ON

JUL 0 8 REC'D

FOR MAILING _____

Individually and in their Offical Capacities

## TO THE ABOVE-NAMED DEFENDANTS:

You are hereby Summoned and required to serve upon Plaintiff, Whose address is Charlotte C.I. 33123 Oil Well Road, Ponta Gorda, FL 33955 an answer to the Complaint which is here with served upon you, within 20 days after Service of this Summons upon you, exclusive of the day Of Service, or 60 days if the U.S. government or Office/agent there of is defendant.

If so you fail to do so, judgement by default will be taken against you for the relief demanded in the Complaint.

Respectful, Submitted

Clerk OF Court

Date:

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

Isrel Rigaud
  Plaintiff

V

  Sgt J. Mathis
  Sgt A. Nicolas
  Officer. Calvo
  Captain. Martin
  Dade C.I. Warden J. Cummings
  Secretary of F.D.O.C. Micheal D. Crews
  Defendants

Individually and in their Official Capacities

SUMMONS

CASE # 1-14-CV-21964-UU

PROVIDED TO
CHARLOTTE C.I. ON
JUL   0 8 REC'D
FOR MAILING

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby Summoned and required to serve upon
Plaintiff, whose address is Charlotte C.I. 33123 Oil Well
Road, Ponta Gorda, FL 33955 an answer to the Complaint
which is here with served upon you, within 20 days after
Service of this Summons upon you, exclusive of the day
of Service, or 60 days if the U.S. government or Office/
agent there of is defendant.

If so you fail to do so, judgement by default will
be taken against you for the relief demanded in the
Complaint.

Respectful, Submitted

Clerk OF Court

Date:

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

```
-----------------------------------------------------
Isrel Rigaud                        |
  Plaintiff                         |
                                    |        Amended Complaint
                                    |        Case No: 1:14-CIV-21964██-UU
v.                                  |
                                    |
Sgt. J. Mathis                      |
Sgt. Nicolas                        |
Officer Calvo                       |
Captain Martin                      |
Dade C.I. Warden J. Cummings        |
Secretary of F.D.O.C. Michael D. Crews |
Defendant                           |
-----------------------------------------------------
```

Individually and in their official capacities.

## AMENDED COMPLAINT

A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

### I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the United States.

    The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(A)(3).

2. The Southern District of Florida is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the event giving rise to this claim occurred.

3. Plaintiff Isrel Rigaud DC#M-66890, is and was at all times mentioned herein a prisoner of the State of Florida in the custody of the Florida Department of Corrections. He is currently confined in Charlotte Correctional Institution in Florida.

## III. DEFENDANT

4. Defendant #1 Sgt. J. Mathis is a correctional officer of the Florida Department of Corrections who, at all times mentioned in this complaint, held rank of sergeant and was assigned Dade C.I.

5. Defendant #2 Sgt. Q Nicolas is a correctional officer of the Florida Department of Corrections who, at all times mentioned in this complaint, held rank of Sergeant and was assigned to Dade C.I..

6. Defendant #3 Officer Calvo is a correctional officer or the Florida Department of Correction who, at all time mentioned in this complaint, held rank of and was assigned to Dade C.I..

7. Defendant #4 Captain Martin is a correctional officer of the Florida Department of Corrections who, at all times mentioned in this complaint. held the rank of captain and was assigned to Dade C.I..

8. Defendant #5 Dade C.I. Warden J. Cummings superintendent/Warden, assistant wardens, colonels they are legally responsible for the operations of Dade C.I. and for the welfare of all the inmates of that prison.

9. Defendant #6 Secretary of F.D.O.C. Michael D. Crew is the Director/Commissioner of the State of Florida. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction including Dade C.I. where the Plaintiff was assaulted, and Charlotte Correctional Institution where the Plaintiff is currently confine.

10. Each Defendant issued individually and in his official capacity. At all times mentioned in this complaint each Defendant acted under the color of state law.

## 11. III. Facts

Facts: on Defendant #1 Sgt. J. Mathis

On 1/24/14 approximately 12:30 a.m. - 12:40 a.m. while in route to the captain office, Sgt. J. Mathis threaten to beat me severely when we reach confinement. and he was very disrespect calling me all types of degradeful, sexual names. names of my opposite sex.

Fact: On 1/24/14 approximately 1:20 a.m. 1:30 a.m. in confinement building hallway in front of F-3 dormitory, Sgt J. Mathis brutalize sexually harass. sexual assaulted me, the Defendant plotted it and carry it out. Sgt. J. Mathis neglected my constitutional rights, F.D.O.C. P.R.E.A. act and other policies. He neglected my mournful cries from the pain he inflicted. Sgt. J. Mathis intentions was evil, he was totally unconcern for my welfare in facing of serious

risks to my body and health.  On 1/24/14 I was a victim of the Defendant Sgt. J. Mathis contumacious, malicious sadistic conscience.

Facts: On Defendant #2 and #3 Sgt. Q Nicolas and Officer Calvo On 1/24/14 approximately 1:23 a.m. during the time Sgt. J. Mathis assaulting me in confinement building hallway in front of F-3 dormitory.  I had ask Sgt. Q Nicolas and Officer Calvo "is this how yall get down back here" referring to Sgt. J. Mathis abusive behavior, they didn't say nothing.  Minutes later I felt like my arms and wrists was about to break I ask Sgt. Nicolas and Officer. Calvo to help me the officers just steed there watching and ignored me, they failed to protect me.

Minutes later after Sgt. J. Mathis was done abusing me they escorted me into F-3 dormitory  in the bottom shower.  I had refuse to allow Sgt. Q Nicolas and Officer Calvo to uncuff me till I talk to the captain Martin about my assaults and pain, and for the officers to take me to medical because my wrists, arms, lower back, toes was in severe pain, plus my writs was bleeding lightly from the cuts created by the pressure of the handcuffs that was forcibly twisted by Sgt. J. Mathis.  2-3 hours later they left me in the shower  waiting to talk to the captain and go to medical.  The captain never came and talk to me about 3 minutes later the officers came back and told me that the caption says he will not come to talk to me unless I allow them to uncuff me and go to a cell.  I follow through with

his demand, still I never went to medical nor the captain ever came to talk to me.

Facts: On Defendant #4 Captain Martin

On 1/24/14 approximately 12:30 a.m. - 12:40 a.m. in captain Martin office I inform captain Martin about Sgt. J. Mathis behavior while in route to his office I explain Sgt. J. Mathis behavior while in route to his office. I explain Sgt. J. Mathis behavior while in route to his office. I explain Sgt. J. Mathis threaten to beat me severely when we reach confinement building. I also told the caption I feared for my life and I expounded that he was very very disrespectful and was calling me all types of degradeful sexual names of my opposite sex. Caption Martin didn't say or did anything about it, he just neglected the issue and kick me out his office.

Facts: On Defendant #5 Dade C.I. Warden J. Cummings before 1/24/14 the date I was assaulted by Sgt. J. Mathis Dade County Correctional Institution was well aware and inform by inmates complaints and grievances, also inmates families calling the institution about there family members being assaulted. Especially on Captain Martin shift where there more abusive officer like Sgt. Mathis. Captain Martin shift well known for being very very corruptible and committing deleterious injustice acts. Even after my incident and filing

grievance, inmates was still getting assaulted and degraded on captain Martin shift by these same officers.

Institution Warden J. Cummings was well aware of these wrongful assaults and still neglected grievances and reports made by inmates and family members. The warden fail to do something about these violations and wrongful assaults by officers.

Fact: From investigations has proven that Secretary Michael D. Crews and Dade C.I. Warden J. Cummings plotted to create a policy or custom of allowing or encouraging officers to brutalize and violate inmates, and neglect the complaints and reports about those officers assaulting and violating inmates, made by inmates and families.

Facts: On Defendant #6 secretary of F.D.O.C. Michael D. Crews, before 1/24/14 the date of my assault, secretary Michael D. Crews is the Director/Commissioner of the State of Florida so he has access and was informed about the grievances and reports on officers brutalizing inmates.

Facts: Secretary Michael D. Crews he is legally responsible for the overall operations of the Department of Corrections and each institution under jurisdiction including Dade C.I. where I was confined on the date I was wrongfully, degradefuly painfully assaulted and psychologically damage.

Facts: Secretary of F.D.O.C. Michael D. Crews was well aware of the unconstitutional degradful brutal assaults on inmates before the date of my incident 1/24/14 by officers at Dade C.I. that function under color of state law, that sworn to uphold and honor the state law and constitution.

Facts: Secretary of F.D.O.C. Michael D. Crews neglected these grievances that was made by inmates and there family. His intentions are evil and was totally unconcerned for mines and other inmates welfare in facing of serious risks to body, health, and safety of us inmates, within the hands of these abusive officers. The contumacious acts and neglection from the secretary of F.D.O.C. Michael D. Crews towards the constitutional law of the land, states laws and F.A.C. polices, his behavior led to the violation of my constitutional rights.

Facts: on 1`/24/14 approximately 1:20a.m. - 1:30 a.m., the camera footage. In front of F-3 dormitory I was brutalize, sexually harass and sexually assaulted by Sgt. J. Mathis in the presence of Sgt. Q Nicolas and Officer Calvo. The camera in F-3 dormitory that's facing the officer station capture the incident on film.

Fact: Defendant secretary Michael D. Crews and Dade C.I. Warden J. Cummings was in a deliberate indifference states mind to neglect complaint and reports made by for being victims of guard brutality before and after the date 1/24/14 of the plaintiffs.

Facts: Base on Dade C.I. Warden J. Cummings neglecting inmates complaints and reports on wrongful assaults by officers and for creating a policy or custom of allowing or encouraging officers to brutalize and violate inmates at there will and pleasure.  That led Sgt. Mathis to physically and psychologically damage me.

Facts: On 1/24/14 approximately 1:30 a.m. - 4:30 a.m. in confinement b9uuidlign F-3 dormitory bottom shower.  Sgt. A Nicolas and Officer Calvo left me in the shower for hours refusing to take me to medical for my injures that Sgt. J. Mathis inflicted.  I was in so much pain what I had to let them take of the cuffs and search me then take to a cell I was never took to medical.  The Camera facing the officer station was recording there evil intentions and retaliating tactic for demanding medical treatment after I been assaulted in front of them, and for trying to talk to the captain Martin explaining what he allowed his officers to do.  The same camera facing the officer station that in F-3 dormitory.

Facts: Before 1/24/14 there have been reports and grievances filed on officers wrongful degradful assaults on inmates that the institution Warden J. Cummings neglected, secretary of the F.D.O.C. neglected, because there intentions are evil and they don't care about wellbeing and safety, health of us inmates.

Facts: Base on Captain Martin Railing to protect me by neglecting threats made by Sgt. Mathis that I inform him about, that later led me to being psychologically and physically damage by assaults inflicted by Sgt. Mathis

Facts: Sgt. Mathis, Sgt. Nicholas and other sergeants as supervisors over dormitories created a policy or custom on who, where how, they assault inmates when they feel like it because of there authority they think they can get away with it.

Facts: Captain Martin created a policy or custom to allow or encourage his Sgt.'s and officers to brutalize or degrade inmates at there will, on his shift, inmates don't have rights.

Facts: Dade C.I. Warden J. Cummings created a policy or custom to allow or encourage his captains, especially captain Martin to organize a group of officers to violate or brutalize inmates at there will.  Base on his deliberate indifference state of mind on inmates body and health that led to me being a victim to numerous assaults and violations.

Facts: Secretary Michael D. Crews also created a policy or custom with Dade C.I. Warden and throughout other institution wardens to allow or encourage guard brutality, Sexual Assault and other violations on inmates carry out by captains, Lt.'s, Sgt.'s, and officers.

Facts: Base on Sgt. a Nicholas and Officer Calvo failing to protect me from Sgt. Mathis assaults, by plotting to stand there and watch me get assaulted and asking for help, let me to being psychologically and physically damage, by Sgt. Mathis degradful, brutal, Sexual Assaults.

Facts: Base on Secretary Michael D. Crews neglecting inmates complaints and reports on wrongful assaults by officers at Dade C.I., and for creating a policy or custom of allowing or encouraging officers to brutalize, violate inmates at there will and pleasure.   Led me to being psychologically and physically damage from Sgt Mathis Sexual and brutal assaults that was inflected upon me.

Facts: for explaining to Captain Martin in the captain office that Sgt. Mathis was being disrespectful and threaten to beat me when we get to confinement that's one of the reasons Sgt. Mathis was motivated to doing with he did, and he also told me clearly that he was going to get my ass for telling on him.  This assault was another reason he retaliated by assaulting me.

Facts: Defendant Sgt. Nicolas and Officer Calvo was highly upset with me for refusing to uncuff get search and brought to a cell after Sgt. Mathis assaulted me.  It piss them both off that I was demanding to talk to the captain and wanted medical treatment when I refuse to uncuff.  Officer Calvo was so piss off he ask Sgt Nicolas to turn on the shower so I can be force out and wet.  Sgt. Nicolas stated no just leave in there the shower he will get tied and come out,

this what they plotted as a retaliation tactic to punish me for ask for medical treatment and the captain.

Facts: Base on Sgt. J. Mathis degradful and brutal assaults upon me I'm now suffering from psychological damages, mental and emotional distress. From being humiliated degraded, and was to our advantage of, while in handcuffs under the worst circumstances ever, in brutal sexual manner that now triggered a past of suicidal thoughts, that now became suicidal attempts, now I have to be supervisor and have therapy with psychologist doctors about me suicidal attempts, nightmares of the incident, wake up with cold sweat and breathing too hard, and trying not to kill myself in the future.

Fact: Each single Defendant was contumacious, contumacious is being rebellious.    From  investigations  and  facts  each  Defendants  carryout contumacious behavior towards constitutional amendments, state laws, and F.A.C. policies rule and regulations.

Facts: Since the date of the incident 1/24/14 till 2/14/14 the day my fiancé and demanded the institution to allow me medical treatment.  I had put in for medical request forms about my injuries and I never been took to medical, only the institution administration/can authorize medical staff member.  When I did get to medical the nurse didn't even examine body for injures she look at me and said I look fine she left got on the phone called somebody then came back

and I told me I was good to go. I during the assault my lower back, wrists, and arms, toe was bruise swollen. She responded and told me I'm good now I can go now. This violates my 1, 8, 14 Amendments Rights the institution retaliation against me.

Facts: Upon information and belief this is general prison knowledge. On Captain Martin shift every inmate knows that you will either get wrongfully beat up or get accuse for frivolous or malicious doers is the ways Captain Martin and selective officers operated. This is a fact from inmates that had witness or heard from inmates that's been assaulted before in the past months in years.

Evidence that attach to the back of the complaint or in inmate files

Exhibit A. copies of grievances about the incident that gives more details for the case and this grievances have been exhausted to the highest administrative office.

Exhibit B. camera footage that support my claims, the camera in F-3 dormitory that facing the officer station that records everything in the area that recorded the wrongful assaults.

Exhibits C. camera footage that support my claims, the camera in F-3 dormitory that facing the officer station that records everything in th angle, that recorded

Sgt. Nicolas an officer Calvo leaving me in the shower neglecting me medical treatment for hours, medical treatment was denied after hours over waiting.

Exhibit D. a declaration from my old bunkmate at Dade C.I. confinement dorm F-3204 cell explain what he witness, also he's a victim of guard brutality a incident that took place before 1/24/14 the date of my incident he also made report.

Exhibit E. A declaration form another inmate that was at Dade C.I. in 2013 in either seen or witness inmates injuries that was wrongfully assaulted and violated on Captain Martin.

### 13. I.V. Exhaustion of legal remedies

Plaintiff Isrel Rigaud used the prisoner grievance procedure available at Dade C.I. to try and solve the problem.  On 2/3/14 I file a emergency grievance to F.D.O.C. office.   Plaintiff Isrel Rigaud presented the facts relating to this complaint.  On 2/18/14 F.D.O.C. office responded back stating my grievance through institution procedures first then appeal whatever there decision, then submit it back to F.D.O.C. office.  Plaintiff Isrel Rigaud followed F.D.O.C. instructions I file the grievance at the institution level on 3/5/14, 3/12/2014 I received a response from the institution office the institution stated investigated my allegations and the grievance was approve.   3/29/14 I plaintiff Isrel Rigaud

submitted the grievance to F.D.O.C. officer, F.D.O.C. response I receive on 4/16/14 stating they agree with institution response which was approve.

## V. Legal Claims

15. Plaintiff reallege and incorporate by reference paragraphs from the above 4 sections.

16. Legal claims against Defendant

<u>Sgt. Mathis</u>

1. Sexual assault claim, for the amount $200,000.00

2. Guard Brutality claim, for the amount of $200,000.00 guard brutality is actionable under section 1983, on 1/24/14 approximately 1:20 a.m. - 1:30 a.m. in confinement building hallway in front of F-3 dormitory Defendant Sgt. J. Mathis intentions was evil he brutally assaulted me with handcuffs on . The Defendant violated the plaintiffs rights and constituted brutality, cruel and unusual punishment under the 8th, 14th Amendment of the United States constitution.

3. Pain and suffering g claim, for the amount of $200,000.00 pain and suffering claim is actionable under section 1983 on 1/24/14 approximately 1:20 a.m. - 1:30 a.m., I Plaintiff suffered severe pain inflicted by Defendant Sgt. J. Mathis intentions was retaliation in a demonic, malicious sadistic act was to hurt me as much as he can get away with this action left me with cuts on my writs, arms.

lower back, toes was swore and swollen the cuts from the handcuffs was bleeding a little.  The Defendant Sgt. J. Mathis violated the plaintiffs rights and constituted retaliation, cruel and unusual punishment under the 1st, 8th, and 14th Amendments of the Unites States Constitution.

4. Gross-Negligence claim, for the amount of $200,000.00 Gross-Negligence is actionable under section 1983, on 1/24/14 approximately 12:30 a.m. - 1:30 a.m. Defendant Sgt. Mathis was negligence towards my constitutional rights and was uneern for my welfare in taking of serious risk to my body and health.  From his actions and assaults on me which was motivated by evil and retaliation intentions which Defendant violated the rights throughout him escorting me from D-1 dormitory to confinement building shower.   This constituted retaliation, cruel and unusual punishment and violated equal protection of the laws under 1st, 8th, 14th amendment of the united states constitution.

5. Sexual Harassment Claim, for the amount of $200,000.00

Sexual Harassment is actionable under section 1983, on 1/24/14 approximately 12:30 a.m. - 1:30 a.m., from D-1 dormitory escorting me to confinement building F-3 shower.   Defendant Sgt. J. Mathis violated Plaintiff right throughout the entire escort.  This constituted sexual harassment, cruel and unusual punishment under the 8th, 14th, amendments of the United States Constitution.

6. Excessive force claim, for the amount of $200,000.00

Excessive force is actionable under section 1983, on 1/24/14 approximately 1:20 a.m. - 1:30 a.m. in confinement building hallway in front of F-3 dormitory. I was hurt in severe pain by Sgt. Mathis using unnecessary excessive force, that left my wrists was bleeding from cuts that was created by handcuffs.   The Defendant Sgt. J. Mathis violated the plaintiffs rights with his sadistic. malicious abusive acts.   This acts constituted cruel and unusual punishment under the 8th, 14th Amendment of the United States constitution.

7. Psychological harm claim, for the amount of $250,000.00

Psychological harm is actionable under section 1983, on 1/24/14 approximately 1:30 a.m. after the incident of me being assaulted in numerous ways by Sgt. J. Mathis I was psychological damage that led to psychological emergencies, self-cutting suicidal attempts nightmares, waking up with cold sweats.   The Defendant violated the Plaintiff rights and constituted cruel and unusual punishment under the 8th amendments of the United States constitution.

8. Contumacious behavior claim, for the amount of $250,000.00

Contumacious behavior is actionable under section 1983, on 1/24/14 approximately 12:30 a.m. 1:30 a.m. from D-1 dormitory to confinement building F-3 dormitory bottom shower, Sgt. J. Mathis escorted me during that time frame Sgt. J. Mathis Sexual Assault, Sexual Harass, and brutalize me and

was rebellious towards F.A.C. policy and constitutional rights. The Sgt. J. Mathis violated plaintiffs rights and constituted retaliation cruel and unusual punishment, equal protection of the laws, under the 1st, 8th, 14th Amendments of the United States Constitution.

9. Conspiracy claim, for the amount of 250,000.00

Conspiracy is actionable under section 1983, on 1/24/14 approximately 12:30 a.m. - 1:30 a.m. from D-1 dormitory to confinement dorm F-3 bottom shower. The Defendant Sgt. J. Mathis made threats that he was going to beat me severely the Defendant plotted his assault on me. I informed his supervisor Captain Martin about his threats Captain Martin ignore my pleas for help, and kick me out of his office afterwards Sgt. Mathis promise me he's going to make me pay informing Captain Martin on him past by in confinement building hallway Sgt. Mathis plotted to hurt me, while Sgt. Nicolas and officer Calvo plotted to watch me get hurt. The Defendant Sgt. Mathis violated plaintiffs rights and constituted due process, equal protection retaliation, cruel and unusual punishment under 1st, 8th, 14th Amendments of the United States Constitution.

11. Retaliation claim, for the amount of $250,000.00 retaliation is under section 1983 on 1/24/14 approximately 12:30 a.m. - 1:30 a.m. The Defendant had threaten to beat me severely during our walk to the captains office form D-1

dormitory, once we entered the captain office and explain to captain Martin that Sgt. J. Mathis was threaten to beat me and I feared for my life Captain Martin ignore and kick me out his office. When we left the captain office, Sgt. Mathis said I'm beat you real good teach about running your mouth you want to tell the captain you going to wish your bunkmate knows how to do body massage I'm wear your ass out. The Defendant Sgt. Mathis violated the Plaintiff rights and constitution retaliation cruel and unusual punishment under 1st, 8th, 14th amendments of the United States Constitution.

12. Supervisor liability claim, for the amount of $250,000.00 supervisor liability is actionable under section 1983. On 1/24/14 approximately 1:20 a.m. - 1:30 a.m. in confinement building hallway in front of F-3 dormitory, I Plaintiff was assaulted in may ways by Sgt. J. Mathis, Sgt. Mathis is a supervisor that had actual direct participation in violating my constitutional rights. This Defendant violated the Plaintiff rights and constituted due process, equal protection, cruel and unusual punishment under the 8th, 14th amendment of the United States Constitution.

Sgt. Q. Nicolas & Officer Calvo

1. Gross-negligence Claim, for the amount of $200,000.00 Gross-Negligence is actionable under section 1983, on 1/24/14 at approximately 1:20 a.m. - 1:30 a.m. in confinement building hallway in front of F-3 dormitory, Sgt. Q. Nicolas

and officer Calvo intentions was evil and was totally uncern for my welfare in facing of risks to my body and health as both Defendant just stood and Sgt. J. Mathis assault me in painful degradful ways and violated my constitutional rights. The Defendants Sgt. Q. Nicolas and Officer Calvo neglected my calling of help they violated the plaintiffs rights and constituted gross negligence, equal protection, cruel and unusual punishment under the 8th, 14th, amendments of the Unites States Constitution.

2. Deliberate indifference claim, for the amount of $200,000.00, deliberate indifference is action under section 1983, on 1/24/14 approximately 1:20 a.m. - 4:30 a.m. Sgt. A Nicolas and Officer Calvo was well aware that I was in danger of harm from Sgt. Mathis assaults, during the assault I had ask the Defendants Sgt. Q. Nicolas and Officer Clavo to help me stop Sgt. J. Mathis from hurt me they ignore me. After the assault they brought me in the shower to strip and search. I refuse and I refuse to let take the cuffs off my wrists to we get to medical because I need medical treatment for my injuries Sgt. J. Mathis just inflicted upon me an I also want to take the captain. Hours later captain never nor I never went to medical for injures, the Defendants was deliberate indifference to my health and safety from harm, and deliberate indifference for my medical treatment, these actions from the Defendant violates the Plaintiff

rights and constituted, failure to protect, deliberate indifference, equal protection, cruel and unusual punishment under the 8th, 14th amendments.

3. Contumacious behavior claim, for the amount of $200,000.00, contumacious acts is actionable under section 1983, on 1/24/14 approximately 1:20 a.m. - 4:30 a.m. base on Sgt. Nicolas and Officer Calvo gross negligence behavior it was unconstitutional as a state prison officer to deprive me of my constitutional rights. This behavior was rebellious towards F.A.C. policies and state laws, the behavior consist of evil intentions to stand there and watch Sgt. Mathis assaulted Plaintiff. The Defendant violated the plaintiffs constitutional rights and constituted equal protection, failure to protect, cruel and unusual punishment deliberate indifference to my medical needs, retaliation, under the 1st, 8th, 14th amendment of the United States Constitution.

4. Pain and suffering claim, for the amount $200,000.00, pain and suffering is actionable under section 1983, on 1/24/14 approximately 1:20 a.m. - 4:30 a.m. from confinement building hallway in front F-3 dormitory the Defendants evil intentions to watch me get assaulted instead of stopping Sgt. Mathis form hurting me, that shows Sgt. Q. Nicolas and Officer Calvo was totally uncern for my welfare in facing risks to body and health a assault form Sgt. Mathis that left me suffering that could've been prevented by these Defendants then these Defendants neglected medical treatment left in the showers for hours to suffer

in pain.  The Defendant Sgt. Nicolas and officer Calvo violated plaintiffs rights and constituted equal protection, negligence, fail to protect cruel and unusual punishment under the 8th, 14th amendments of the United States Constitution.

5. Psychological harm claim, for the amount of $200,000.00, psychological harm is actionable under section 1983, on 1/24/14 approximately 1:30 a.m. due to the Defendant Sgt. Q. Nicolas and Officer Calvo failure to protect me form Sgt. Mathis brutal assault: after that incident I was psychological damages which led to psychological emergencies to me cutting my self trying suicidal attempts, nightmares, waling up with cold sweats and more.  The Defendant Sgt. Nicolas, and Officer Calvo violated the plaintiffs rights and constituted failure to protect, deliberate indifference, equal protection cruel and unusual punishment under the 8th, 14th amendments of the United States Constitution.

6. Conspiracy claim, for the amount of $250,000.00 conspiracy is actionable under section 1983, on 1/24/14 approximately 1:20 a.m. - 4:30 a.m. between and after the Defendant Sgt. Nicolas and Officer Calvo plotted to stand over and watch me get degraded, violated and then denied my pleas for help.  At approximately 1:30 a.m. right after assault Sgt. Nicolas and Officer Calvo planed to leave me in the in the shower in F-3 dorm to suffer in pain and they deny me medical treatment for my injuries Sgt. Mathis inflicted.  The Defendants violated the plaintiffs rights and constituted failure to protect, equal

protection, retaliation, cruel and unusual punishment under 8th, 14th amendment of the United States constitution.

7. Supervisor liability claim, for the amount of $250,000.00 on 1/24/14 at approximately 1:20 a.m. - 4:30 a.m. in confinement building hallway in front of F-3 dormitory, Defendant Sgt. Nicolas as supervisor over confinement actually direct participation in the constitutional rights violation, also grossly negligent supervision of subordinate who committed a violation.  The Defendant Sgt. Nicolas violated the plaintiffs rights and constituted equal protection, gross-negligence cruel and unusual punishment under 8th, 14th amendment of the United States Constitution.

8. Retaliation claim, for the amount of $250,000.00 retaliation claim is actionable under the section 1983, on 1/24/14 approximately 1:30 a.m. in F-3 bottom shower I didn't allow the Defendant Sgt. Nicolas and officer Calvo to uncuff me without first taking to medical because I was in so much pain.  The Defendant refuse and left me there to suffer in pain to refuse to uncuff, left me there for hours.  The Defendant Sgt. and Officer Calvo violated the plaintiffs rights and constituted retaliation, equal protection cruel and unusual punishment under 1st, 8th, 14th amendments of the United States Constitution.

9. Failure to protect claim for the amount of $250,000.00 failure to protect claim is actionable under Section 1983, on 1/24/14 approximately 1:23 a.m.

during the time Sgt. Mathis was assaulting I had ask the Defendants Sgt. Q. Nicolas and officer Calvo to help me. They plotted to stand there and ignore me and watch me get assaulted. The Defendants Sgt. Q. Nicolas, Officer Calvo violated the Plaintiff rights and constituted deliberate indifference, negligence equal protection, conspiracy, under 8th, 14th amendments of the United States Constitution.

## Legal Claims

Captain Martin

1. Gross-Negligence claim for the amount $400,000.00 Gross-negligence is actionable under section 1983 on 1/24/14 approximately 12:30 a.m. - 12:40 a.m. in Captain Martin Office I inform Captain Martin of the prior threats made by Sgt. Mathis while in route to the captain office. I told captain Martin I feared for my life because his threats I felt like there was more of a promise, Captain Martin ignore and kick me out his office this Defendant Captain Martin violated the plaintiffs rights and constituted negligence due process, equal protection, cruel and unusual punishments, under the 8th, 14th amendments of the Untied States Constitution.

2. Cruel and unusual punishment is actionable under 1983, for the amount of $200,000.00 on 1/24/14 approximately 12:30 a.m. - 12:40 a.m. Captain Martin refuses to give me reasonable protection from violence, the captain had for

knowledge of prior threats from Sgt. Mathis that I expounded to him about. An after Sgt. Mathis did actually assaulted me in many ways Captain Martin had refuse to come take to me and talk to medical thesis statement from his Sgt. Nicolas and Officer Calvo. This Defendant violated the Plaintiff rights and constituted cruel and unusual punishment, equal protection under the 8th, 14th Amendments of the Untied States Constitution.

3. Pain and suffering claim, for the amount of $250,000.00 pain and suffering claim is actionable under section 1983, on 1/24/14 approximately 12:30 a.m. - 12:40 a.m. due to captain Martin negligence me, now I'm suffering and pain from Sgt. Mathis assaults that could've been prevented. This Defendant captain martin violated the plaintiffs rights and constituted due process,, equal protection, cruel and unusual punishment under 8th, 14th amendments of the United States Constitution.

4. Psychological harm claim, for the amount of $250,000.00 psychological harm is actionable under 1983 on 1/24/14 after the incident of Sgt. Mathis assaulted me in many ways. This incident could've been prevented by captain martin due to his immediate danger form Sgt. Mathis threats, this led to me going countless nightmares of the incident and emotional damages and mental crisis, this Defendant Captain Martin violated the plaintiffs rights and

constituted equal protection, cruel and unusual punishment under 8th, 14th amendments of the United States Constitution.

5. Contumacious behavior claim, for the amounts of $250.000.00 contumacious behavior is actionable under 1983, on 1/24/14 approximately 12:30 a.m. - 12:40 a.m. in Captain Martin office, Captain Martin behavior was contumacious he neglect my pleas for protection he neglect F.D.O.C. policies, he neglect state laws and the constitution. Captain policy custom to allowing and encouraging the illegal acts his officers commits his participation violates F.D.O.C. policies. This Defendant captain Martin violates the Plaintiff rights and constituted equal protection due process, cruel and unusual punishment under 8th, 14th, amendments of the United States Constitution.

6. Supervisor liability claim, for the amount of $250,000.00 supervisor liability is actionable under 1983, on 1/24/14 approximately 12:30 a.m. - 12:40 a.m. in captain Martin office. I explained to a captain Martin that I was in immediate danger over I also told him Sgt. Mathis violated my rights and threaten to beat me severely. Captain Martin neglect me and kick me out his office. Captain Martin created a policy or custom allowing or encouraging the illegal acts from previous assaults reports on shifts before my incident. This defendant Captain Martin violated the plaintiffs rights and constituted negligence, equal protect,

cruel and usual punishments under the 8th, 14th amendments of the United States Constitution.

7. Policy or custom claim, of the amount of $500,000.00 policy or custom is actionable under 1983, on 1/24/14 approximately 12:30 a.m. - 12:40 a.m., captain Martin knew of past misconduct of Sgt. J. Mathis and failed to protect me from unreasonable risks from Sgt. Mathis. Also captain Martin policy or custom to allowing and encouraging the illegal acts his officers commits, that's his participation on violated F.D.O.C. policies, constitution laws this Defendant Captain Martin violated the plaintiffs rights and constituted gross negligence, equal protection, cruel and unusual punishment under the 8th, 14th Amendments of the United States Constitutions.

8. Failure to protect claim for the amount $500,000.00 failure to protect is actionable under section 1983, on 1/24/14 in Captain Martin office I informed him of threats that was made by Sgt. Mathis before reaching his office. I informed Captain Martin that I was in danger from what Sgt. Mathis stated he was going to do me. Captain Martin neglected me and kick me out his office. Defendant captain Martin violated plaintiffs rights and constituted failure to protect negligence, equal protection under the 8th, 14th amendments of the Untied States Constitution.

Legal Claims

Dade C.I. Warden J. Cummings

1. Gross-negligence claim, for the amount of $250,000.00 gross-negligence is actionable under section 1983, before and after the date of my incident that took place on 1/24/14 in confinement building hallway the institution Warden Cummings was well aware and informed by prior complaints from assaulted inmates grievances and inmates families calling and complaining about there family members getting brutalize by officer on captain Martin shift like Sgt. and more officers. The Warden Cummings neglected these institutional issues that led the Sgt. Mathis to assault me. The Defendant Warden Cummings violates the Plaintiff rights and constitution gross negligence. cruel and unusual punishment, equal protection under the 8th, 14th, Amendments of the Untied States Constitution.

2. Failure to protect claim, is actionable under section 1983, for the amount of $250,000.00 the institution Warden Cummings was well aware of the guard brutality on inmates before the date of incident due to there negligence of the matter I was assaulted by Sgt. Mathis. These Defendants Dade C.I. Warden Cummings neglected, violated the plaintiffs rights and constituted failure to protect, equal protection, cruel and unusual punishment under the 8th, 14th amendments of the United States constituted.

3. Pain and suffering claim, for the amount of $500,000.00 pain suffering is actionable under section 1983, base on the Warden negligence to protect inmates form guard brutality.  I was assaulted by Sgt. J. Mathis and my constitution rights violated and was left in the shower to suffer in pain by Sgt. Nicolas and officer Calvo.  These Defendants Dade C.I. Warden Cummings violated the plaintiffs rights and constituted equal protection, cruel and unusual punishment under the 8th, 14th amendments of the Untied States Constitution.

4. Psychological Harm claim, for the amount of $750,000.00 psychological harm base on the Warden Cummings negligence on guard brutality on inmates before the date of my incident and after.  There negligence allows officers, like Sgt. Mathis to brutalize, sexual assault and harassment, degraded and humiliated me that led to emotional and mental damages.  These Defendant Dade C.I. Warden Cummings violated plaintiffs rights and constituted gross negligence, equal protection, failure to protect, cruel and unusual punishment under the 8th, 14th amendments of the United States Constitution.

5. Contumacious behavior claim, for the amount of $750,000.00 contumacious behavior is actionable under section 1983, base on the institution Warden Cummings negligence failure to protect equal protection rebellious towards F.A.C. policies, and inmates health and protection from guard brutalize violated

the plaintiffs rights, cruel and unusual punishment under 8th, 14th amendments of the united states constitution.

6. Supervisor liability claim, for the amount of $750,000.00, supervisor liability is actionable under 1983, before the date of my incident of guard brutality, Dade C.I. Warden Cummings created a policy or custom allowing or encouraging the illegal acts and violating inmates constitutional rights. Dade C.I. Warden Cummins failure to remedy a wrong after being informed through a report or appeal, which Dade C.I. Warden Cummings was well aware of the wrongfully assaults on inmates before and after my incident. The Defendant Dade C.I. Warden Cummings violated plaintiffs rights and constituted gross-negligence, failure to protect, failure to remedy wrongful act by officers, equal protection, cruel and unusual punishment under the 8th, 14th, amendments of the United States Constitution.

7. Policy or custom claim, for the amount of $1,000,000.00, policy or custom is actionable under 1983 before and after the date of my incident of being assault. Dade C.I. Warden was well aware of these brutal assaults by they officers and they never enforce and violating inmates rights. Past complaints and grievances Dade C.I. Warden Cummins remedy these grievances and stop the wrongful, degradfuly, brutal assaults on inmates before and after my incident the Defendants Dade C.I. Warden Cummings violated the plaintiffs rights and

constituted gross-negligence, equal protection, failure to protect, failure to enforce state laws, cruel and unusual punishment, under the 8th, 14th amendment of the United States Constitution.

8. Conspiracy claim, for the amount of $1,000,000.00 is actionable under section1983, base on investigations evidence reports, complaints rove th at Defendant Dade C.I. Warden Cummings and secretary Michael D. Crews before the date of my incident 1/24/14 plotted and created a policy or custom of allowing or encouraging officers at Dade C.I. to violate and brutalize inmates, and plotted to neglect complaints and reports form inmates about being victims of Guard brutality. The Defendant Dade C.I. Warden Cummings violated the plaintiffs rights and constituted, failure to protect, negligence conspiracy, equal protection under the 14th amendment of the constitution.

Legal Claims

Secretary of F.D.O.C. Michael D. Crews

1. Gross negligence claim, for the amount $1,000,000.00 gross negligence is actionable under section 1983, before and after the date of my incident the secretary of F.D.O.C. was well aware of the brutal assaults and illegal acts of these officers at Dade C.I. secretary of F.D.O.C. Michael D. Crews was aware of the complaints and reports made by inmates and inmates family about the brutal assaults on inmates. Secretary Michael D. Crews was aware of the

complaints and reports made by inmates and inmates family about the brutal assaults on inmates. Secretary Michael D. Crews intentions was evil and was totally uncern for my and other inmates welfare in facing of serious risk to body and health in the hands of his officers under Dade C.I. administration. The Defendant neglected these complaints and reports, the Defendant secretary Michael D. Crews violated plaintiffs rights and constituted gross negligence, cruel and unusual punishment, equal protection under the 8th, 14th amendments of the United States Constitution.

2. Failure to protect claim, for the amount of $1,000,000.00 failure to protect is actionable under the section 1983 before the date of my incident Secretary Michael D. Crews failure to protect inmates from the guards brutal assaults, the Defendant was deliberate indifference to inmates health and body at Dade C.I. he was well aware of the grievances and reports made by inmates and family and no actions was in place to prevent or stop the guard brutality and illegal acts. The Defendant secretary Michael D. Crews violated Plaintiff rights being deliberate indifference towards my constitutional rights, health and safety ,and constituted equal protection, cruel and unusual punishment under the 8th, 14th amendments of the United States Constitution.

3. Pain and suffering claim, for the amount of $1,000,000.00 pain and suffering is actionable under section 1983, base on gross negligence form the secretary

Michael D. Crews to neglect complaints and reports made by inmates and there family members about wrongful assaults, and violations of inmates constitutional rights by officers at Dade C.I. the Defendant secretary D. Crews intentions was evil to neglect these complaints and reports and no enforce F.A.C. and state laws, and in place precautions to prevent or stop these wrongful assaults by prison officers allowed Sgt. J. Mathis to assault and violated me the Defendant secretary Michael D. Crews violated the plaintiffs rights and constituted gross negligence failure to protect equal protection, cruel and unusual punishment under the 8th, 14th amendments of the United States Constitution.

4. Psychological harm claim, for the amount of $1,000,000.00 psychological harm is actionable under section 1983, base on secretary Michael D. Crews gross negligence, and deliberate indifference towards inmates rights and health and protection form guard brutality by officers at Dade C.I. which the Defendant was well aware of complaints and reports on these wrongful assaults and not enforcing the F.A.C. and state laws and in place precautions to prevent or stop these assaults allowed Sgt. J. Mathis to violate and assault the Plaintiff now psychological damage the Defendant violated the plaintiffs rights and constituted gross negligence on rights, deliberate in difference on inmates

health and protection from guard brutality, equal protection, cruel and unusual punishment under the 8th, 14th amendment of the United States Constitution.

5. Contumacious behavior claim, is the amount of $1,000,000.00 contumacious behavior is actionable under section 1983, base on the secretary Michael D. Crews gross negligence and deliberate indifference towards inmates health and protection from the guard brutality before the date of me being assaulted by Sgt. Mathis violates the plaintiffs rights and constituted equal protection cruel and unusual punishment under the 8th, 14th amendments of the United States constitution.

6. Supervisor liability claim, for the amount of $1,000,000.00 supervisor liability is actionable under section 1983, before the date of my incident of guard brutality the Defendant secretary Michael D. Crews created a policy or custom allowing or encouraging the illegal acts and violating inmates constitutional rights and wrongfully brutalizing them. Secretary Michael D. Crews failure to remedy wrongful assaults after being informed through a complaint, report or appeal, secretary Michael D. Crews was well aware of the wrongful assaults on inmates before the date of my incident. The Defendant secretary Michael D. Crews violated the plaintiffs rights and constituted equal protection, gross negligence, failure to protect, cruel and unusual punishment under the 8th, 14th amendments of the United States Constitution.

7. Policy or custom claim, for the amount of $1,000,000.00 policy or custom claim is actionable under section 1983 before the date of my incident of being assaulted by prison guards the Defendant secretary Michael D. Crews was well aware of the complaints and reports inmates and families been making on Dade C.I. for allowing for encouraging there officers to violating inmates rights and brutalizing them though records prove the Defendant secretary Michael D. Crews neglected these complaints and reports, because it was still going on before the date of my incident, also the Defendant never enforce or change Dade C.I. administration stuff member to prevent the problems or eliminate the violating officers not even precautions was in place after some complaints and made the Defendant is fully responsible for all operations within all institutions under its jurisdiction something have been done to stop these wrongfully assaults on inmates. The Defendant secretary D. Crews violated Plaintiff rights and constituted failure to protection, cruel and unusual punishment under the 8th, 14th amendments of the United States Constitution.

8. Conspiracy claim, for the amount of $1,000,000.00 conspiracy claim is actionable under section 1983 base on investigation, evidence, reports, complaints prove that Defendant secretary Michael D. Crew and Dade C.I. warden J. Cummings before the date of my incident 1/24/14, plotted and created policy or custom of allowing or encouraging officers at Dade C.I. to

violate and brutalize inmates.  Also plotted to neglect complains and reports made by inmates and families for being victims of guard brutality and other civil rights violations.  The Defendant secretary Michael D. Crews violated the Plaintiff rights and constituted failure to protect, conspiracy, equal protection under the 14th amendment of the United States Constitution.

## V.I. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that's this Honorable Court enter judgment granting plaintiffs:

A declaration that the acts and omissions described herein violated plaintiffs rights under the constitution and laws of the United States.

Award Plaintiff the monetary amount $ stated with each claim. Compensatory damages in the amount of $3000,000.00 against each Defendant, jointly and severely.

Punitive damages in the amount of $500,000.00 against each Defendant.

Demand Dade C.I. Warden J. Cummings and secretary Michael D. Crews to eliminate there policy or custom of allowing or encouraging officers to violating and assaulting inmates.

A jury trial on all issues trial able by jury

Any additional relief this court deems just, proper and equitable.

Date ___7/8/14___
       Respectfully Submitted,

Prisoner Name: Isnel Rigaud
     Address:    Charlotte Correctional Institution
                  33123 Oil Well Rd.
                  Punta Gorda, Fl. 33955

## **VERIFICATION**

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matter alleged on information and belief and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Charlotte Correctional Institution on ___7/8/14___

/N/ _Isnel Rigaud_ DC # _M-66890_

/S/ _Isnel Rigaud_ DC # _M-66890_



**PART B - RESPONSE**

| RIGAUD, ISNEL | M66890 | 1403-463-030 | DADE C.I. | F2211U |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your grievance has been received reviewed and investigated. Your alleged allegations will be forwarded to the inspector general's office for investigation.

Your grievance is approved on the basis that your alleged allegations will be forwarded to the inspector general's office for further investigation.

Your grievance is approved.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303, completing the form and forwarding it with all attachments to the Office of the Inmate Grievance Administrator, 501 South Calhoun St., Tallahassee, FL, 32399-2500. If you do appeal, take the form and attachments to the mailroom for receipting.

D. McCarter,  Colonel

J. Williams, AWP

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 3-11-14 |
| | | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

**FLORIDA DEPARTMENT OF CORRECTIONS**

Asst. Warden's Office

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

MAR 07 2014

Date

Correctional Institution

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden   ☑ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Rigaud Ismel | Male°90 | Dade CT |
|---|---|---|
| Last   First   Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

I'm filed this grievance because I am a victim of "board Brutality" and "sexual assault"
I been been violently assaulted by a staff member whom have as defined in
pertinents parts of ch-33-602.210(2)(m) serious bodily injury "subjected me in physical
condition that creates a substantial risk of potential loss of or impairment of the
function of my lowerback "due to board Brutality" The F-3 dormitory camera
facing the officer station recorded the incident on 1/24/14 1:10-1:30 its no
way that nobody can tell that I didn't strain my back thats already been
damage before, me forcing my self to bend over with my arms stretch
up and push forward almost reaching and passing my head, and every
time I took a step my feet being stomp, almost causing me to fall over
Breed in this awkward position you can't tell me I didn't hurt my extremely
damage back and made it worst, just like I told the nurse, I
just requested medical forms, and was demanding to see the captain so I can
go to medical & stay in the shower bout 2 hours, check the cameras
I ask the officer and Sgt over confinement that night begging
to see the Sgt captain so I can go to medical, the Sgt told me
the captain wasn't coming On 1/24/14 12:30 noon time I declare the captain officer
Sgt Mathis was making ver bad threats, using profane derogatory words and was abusive, sexual
insults, Sgt Mathis said I'm not going to believe you over my officer you "back ass nigga" you better
be ready douse I'm wear your ass night you punk bitch I'm make you pay. You better hope
your inmate isn't too to do body massage couse you going to need it "pussy ass nigga"
we buy till pussy eat" you going to get fuck up tonight Sgt Mathis violated Ch33-208.
002(2)(in) Ch33-208.003(24) (26) (32) ? is you really Hunk officers, and staff members
to do inmate rules, I for reaching up captains office, I explain to the captain the type of inmate
Sgt Mathis was making to me, threatening and using sexual profane words, the captain look out

| 3/5/14 | Ismel Rigaud |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

---

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

| / | |
|---|---|
| # | Signature |

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _____   Institutional Mailing Log #: _____   _____

(Date)                                          (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | TRAL OFFICE INMATE FILE |
| | | AL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)          Incorpor          Rule 33-103.006, F.A.C.

*Isnel Rigaud M-61189*
*Isnel Rigaud          M-61890*

*Continuation pg 21*

Captain Martin decide not to address or report, Captain violated Ch.33-208.002(10), Ch.33-208.003(24),(32)

3) In route to medical s.g.t Mathis was upset and continue making threats and using profane derogatory words and abusive sexual comments, S.g.t Mathis was trying to degrade, he was embressing, and Sexual harassing me in front of centergate when was a female officer, S.g.t Mathis violated Ch.33-208.002(8),(10)/Sn-33-208.003(aa),(24)(32) as stated above.

4) S.g.t Mathis was escorting me from medical he was calling me snitch for telling the Captain Martin all he said to me, then s.g.t Mathis said I'm write you a d.r. for threaten a officer, when we pass center gate I seen the captain and 3 other officers standing outside his office, I immediately started to call captain Martin to notify him about this false D.R. S.g.t Mathis was threatening to write on me, "Retaliating" because I notified his C.I.E. about his behavior, he stated to his act of "retaliation," when I called the captain Martin 3 times he ignored me so I stop calling him. Approximately 1:10 or 1:15, we enter Fabulizing s.g.t Mathis notified the building officers to please place me in a cell, when they came out the officer station then s.g.t Mathis grab my hand and grab the handcuffs with his other hand and squeeze the handcuffs tight as he could on my wrist, then he bend the cuffs backwards that force my to bend also. So I said what I do to deserve this" S.g.t Mathis said using profane add derogatory words and making abusive sexual comments, calling pussy cat you are bitch ass nigga I can see your whiskers you big pussy bitch I'm going to fuck you up tonight pussy In the process of making these comments s.g.t lifted my arm so high it almost past my head and was bending the cuffs backwards with more pressure, his actions force me to bend over or he would've broken my hand, wrist, and arms, he order me to walk yet everytime I took a step s.g.t Mathis stomp on my feet hindering my ability to walk, and then he thrust his crotch against my leg making all type of sexual comments, you punk bitch you know you like it like that, "I said get the fuck off of me" everytime I took a step he repeat these actions so I ask the other officers this how yall do things back here," they ignored me, s.g.t Mathis kept calling me names, "degrading embrossing, harrassment, you punk bitch I'm fuck you up to night, you fuck ass nigga I could see that big pussy from the side, I tryed my best to move him off me but I couldn't my arm was on the verge of breaking then I ask s.g.t Andrews and Officer Lopes help me "what yall just going to stand there what did I deserve this" and I'm not even attempting to resist, he was hindering my ability to walk and almost tripping me forward and would've fell on my face, if it had not been for the fact that I was held up by the handcuffs.

*Isrel Rigaue)*
Isrel Rigaud Mon
IM-care 44
Dc#

## Continuation p.g2

S.g.t Mathis violated my rights and Ch.st-208.002(8)(10)/33.208.003(26)(24),
(32)/33-602.210 Use of Force(3),(4)(5)(6),(7),(10)(11)

S.g.t Mathis all these rules when sexual submitted me, and brutalized
me, all these violated are caught on camera, the camera in E-3
that facing the officer station, caught the whole incident that took
place in the hallway of the building on 1/24/2014 between the
time 1:10 to 1:30.

5) I explain this incidents to Mr. picanoi the mental Health specialist
Monday, and the Specialist advise me not to write a grievance before
getting serve D.R., cause it might extented Confinement sentence, and
that what I did.

Now I am a emergency grievance for the reasons thats stated
above - Something needs to be done I FEAR MY LIFE AT THIS
INSTITUTIONAL !

I WANT TO PRESS CHARGES

I was told to submit to grievance in institutional
Level first

WITH AGENCY CLERK

APR 16 2014

Department of Corrections
Inmate Grievance Appeals

**PART B - RESPONSE**

| RIGAUD, ISNEL | M66890 | 14-6-11361 | DESOTO ANNEX | F2105L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. A review of your formal grievance indicates that it was approved. If you do not agree with the action taken as a result by the institution, you should re-submit your complaint indicating same, and initiating it at the informal level.

Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner) to resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure. Attach a copy of this response to your re-filed grievance.

Based on the foregoing information, your grievance is returned without action.

M. Solano

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 4/10/14 DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

    (2 Copies) Inmate

    (1 Copy) Inmate's File

    (1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

    (1 Copy) Inmate

    (1 Copy) Inmate's File - Inst./Facility

    (1 Copy) C.O. Inmate File

    (1 Copy) Retained by Official Responding

RECEIVED

FLORIDA DEPARTMENT OF CORRECTIONS
REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCES

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden   ☐ Assistant Warden   ☒ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

Regaud    Isnei              M66890        Desoto Annex
Last      First   Middle Initial    DC Number      Institution

Part A – Inmate Grievance            14-6-1136

① I looking for Administrative Remedy Basis on toward Brutality and sexual Assault,
② for the injuries on wrist that was still swollen and cut from the restraints, my lower
back was redamage from the awkward position I was force in ③ for restless nights and
nightmares and physical/mental emergency that led me to cutting my wrist twice because
I was going through a mental crises and mental disturbance from the incident.
④ Restraining Order against Mathis for sending me a message through officer Edwards
on 2/20/14 approximately 9:00 p.m. 9:30 p.m. its on camera. ⑤ for falsely accusing me
of threaten him and sitting in confinement 30 days for spoke threat D.R.
I looking for compensation for all stated issues due to this incident.

I met with Senior Inspector General Ms. Ryder 3/24/14 at South Florida Reception Center
and discuss these issues that took place, then was transferred 3/25/14 to Desoto
Annex. If I didn't met any specific timelines I was in process of a being transferred
3/21/14 from Dade C.I. to S.F.R.C. the officers didn't allow any legal work or
legal mail brought to confinement the officers stated we didn't need all these
stuff cause we won't be here long I told the officers I had a legal
dead line coming up and still denied my legal work and papers. I was transferred
3/25/14 to Desoto Annex on that date I had a physical/mental emergency and
was brought to the infirmary as a OMOS I believe and was discharge on the
28 approximately 12:30 p.m. I believe, during these transferred and mental
Health emergency I didn't have time to prepare a appeal or look for further Administrative
Remedy through these issues that document if I past a timeline when I
receive Assistant Warden Response on 3/13/14, so now I'm seeking further administrative
Remedy, for constitutional rights, physical damages, mental, violated and emotional damages
Thank you.

3/29/14                          Isnei Regaud M66890
DATE                         SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

_____ / _____
#          Signature

106

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006,
Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by
Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and
processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the
institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the
grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

463

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 4/2/14        Institutional Mailing Log #: 04-04
                  (Date)

(Received by)
1403 463 030
Sgt. Mathis

DISTRIBUTION:        INSTITUTION/FACILITY            CENTRAL OFFICE
                    INMATE (2 Copies)               INMATE
                    INMATE'S FILE                   INMATE'S FILE - INSTITUTION/FACILITY
                    INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
                                                    CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)            Incorporated by Reference in Rule 33-103.006, F.A.C.



The camera footage in F-3 dormitory that facing the Officer's Station that records everything in the area, that recorded the wrongful assaults inflicted to the plaintiff by defendant S.g.t J. Mathis, On 1/24/14 approximately 1:20 a.m - 1:30 a.m

This camera footage was declare evidence in the grievance #. 1403-463-030, this footage Should Stored in inmate Isnel Rigaud DC# M-66890 prison files.



The camera footage in F-3 dormitery that facing the Officer's Station that records everything in the area, that recorded S.g. + Nicolas and Officer Calvo deliberate indifference towards my medical treatement and left me in the shower for hours. On 1/24/14 approximately 12:30 a.m - 4:30 a.m

The camera footage was declare evidence in the grievance # 1403-463-030, this footage Should be Store in inmate Isael Bigaud DC# M66890 prison files.



IN THE UNITED STATES DISTICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ISNEL RIGAUD
        Plaintiff

OF                    V.                    Declaration
                                            Jason A. Anderson #L26437
                                        13L

S.g.t J Mathis                         Case # 1 : 14 CV-21964-UU
  Defendant

        Declaration
            In the case, et al,
            S.g.t Q. Nicolas
            Officer. Calvo
            Captain. Martin
            Dade C.I. Administration Warden J. Cummings
    Secretary of F.D.O.C Administration. Micheal D Crews

        I Jason A. Anderson #L26437 hereby declare:
    I inmate Jason A. Anderson    DC# L26437 have also
been victimize, brutalize twice, by officers at Dade C.I., One
incident took place before and the other incident took place after,
Inmate Isnel Rigaud DC# M66890 incident. I inmate Jason A.
Anderson #L26437 have made numerous complaint reports about
being wrongfully assaulted before 1/24/14. I inmate Jason A. Anderson
#L26437 also have knowledge of other inmates thats been
wrongfully assaulted and made numerous complaint reports.
    Dade C.I. administration never in place any precautions to
prevent future assaults or eliminate the corrupted officers thats
committing these wrongfully assaults and other violations that done
with malicious and sadistic intentions.

        I inmate Jason A. Anderson #L26437 was moved into F-3204
Confinement Cell on Jan 28, 2014, since that date till the 31 of

Of January when inmate Isnel Rigaud gave up asking to go to medical. I inmate Jason A. Anderson #L26437 Witness inmate Isnel Rigaud put in sick calls and ask officers numerous times that he needed medical treatment for injuries a Guard inflicted and he was denied.

I inmate Jason A. Anderson #L26437 seen with my 2 eyes inmate Isnel Rigaud injuries, first inmate Isnel Rigaud showed me his wrists it was really swollen with little cutts that oblivious came from hand cuffs with blood stains around the cutts. Then inmate Isnel Rigaud showed me his upper arms that axis swollen, inmate Isnel Rigaud then showed me his lower back anybody could tell it was swollen also I observe in Inmate Isnel Rigaud couldn't sit down too long his back start hurting and he will start complaining. Then finally inmate Isnel Rigaud showed me his feet and his toes was swollen with redness all around them.

Inmate Rigaud explain to me how S.y.& J. Mathis assaulted him in a painfully and degradfully way, that's how his injuries was inflicted. I inmate Jason A. Anderson #L26437 advise inmate Isnel Rigaud to write a grievance about it, also write his family about the incident and they neglecting him medical treatment. I inmate Jason A. Anderson #L26437 is also seeking justice from guard brutality from officers at Dade C.I., Dade. C.I administration and Florida Department of corrections administrations should be held responsible for these wrongfully assaults, that they continually neglecting, even inmates grievances and there family calling complaining. Reporting these assaults and our constitutional rights violated still nothing has been done. Justice should be serve wrong is wrong.

I inmate Jason A. Anderson #L26437 declares under penalty of perjury that the foregoing is true and correct. Executed at Dade C.I. and Florida on 6-16-14. /s/ #L26437
state            Date



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ISNEL RIGAUD
Plaintiff

V.

S.g.t J. Mathis
Defendant

Case#1:14-CV-21964-UU

Declaration
   In the case, et al,

DECLARATION

I Gregory Davis ___ hereby declares:

I inmate GREGORY DAVIS ___ DC# 980120
have also heard or seen inmates with injuries that was inflicted
by prison officers, at Dade C.I. Esspecially on Captain.
Martin Shift when the most corrupted rothdess officer
work. I Gregory Davis ___ was at Dade C.I. from
december 2012 to July 2013, I have knowledge knowing that
on captain. Martin Shift you get accuse for any Dirs true or false
if you commit or not you are going to get a beat down.
   I Gregory Davis / also have knowledge of inmates
that was wrongfully assaulted maded complaints, grievances
about the incidents and never got any justice.
   This prison knowledge at Dade C.I. you will get a beat
down if you be accuse for any thing and recieve alot
of false dir's to keep you confine" segregation longer as
another punishment.

I Gregory Davis believe justice should serve for anyone committing crimes, even me I committed my crime and I doing my time responsibley. Everybody should be ponish for wrong doings, wrong is wrong there no justifications especially wrong assaulting somebody thats cruel.

I Gregory Davis incorporated in making this declaration because its true, Dade C.I. administration and Officers been get away with these wrongful assaults for to long justice needs to be serve.

I inmate Gregory Davis declares under penalty of perjury that the foregoing is true and correct.

Executed at Charlotte C.F. in Florida
On June 16, 2014

/s/ _____

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

Isnel Rigaud
   Plaintiff

V.

   S.g.t J. Mathis
   S.g.t A. Nicolas
   Officer. Calvo
   Captain. Martin
   Dade C.I. Warden J. Cummings
   Secretary of F.D.O.C Micheal D. Crews
      Defendant(s)
   Individually and in their offical capacities

Motion For Appointment
OF Counsel

CASE# 1:14-CV-21964UU

PROVIDED TO
CHARLOTTE CI ON

JUL 0 8 REC'D

FOR MAILING

## Motion For Appointment OF COUNSEL

   Pursuant to 28 U.S.C § 1915(e)(1) Isnel Rigaud
Moves for an order appointing counsel to respect him in
this case. In support of this motion plaintiff states:

   ① Plaintiff is unable to afford counsel he has requested
leave to proceed in forma pauperis.

   ② Plaintiff's imprisonment will great limit his ability to
litigate, the issues involved in the case are complex, and will
require significant research and investigation. Plaintiff has access
to the law library and limit knowledge of the law.
   I also currently in administrative segregation which make
it even twice as hard to recieve and study the law, esspecially
to forfill any legal order from the courts.

③ A trial in this case will likely involve conflicting testimony, and would better enable Plaintiff a lawyer to present evidence, cross-examine witnesses, and take depositions before trial, which will be impossible for the Plaintiff to be permitted to exhaust.

④ Plaintiff has made repeated efforts to obtain a Lawyer.

WHEREFORE, Plaintiff request that the Court appoint John D. Mallah, a member of the Florida bar as counsel in this case.

7/8/14
Date

/s/ Isuel Rigaud

Address: Charlotte C.I.
33123 Oil Well Road
Panta borda, FL 33955